THOMAS PRENDERGAST *v.* MARGARET CASSIDY and ALEXANDER SHAW,
her husband.

When a married woman, not separated in property, is engaged in trade, she will be presumed to trade on the funds of the community in the absence of proof to the contrary, and the assets in her hands will be liable for community debts.

The profits of the labor of husband and wife belong to the community.

APPEAL from the District Court, Sixth District, *Robertson*, J. *J. W. Seymour* and *A. S. Herron*, for plaintiff. *Elam*, for defendants and appellants.

ROST, J. In 1846 *John P. Michel* and wife executed an act of donation of a certain piece of land in favor of *Margaret Cassidy*, who accepted the same, and made them at the same time a manual gift of the sum of eleven hundred dollars, which was the full value of the land.

The plaintiff, who is a judgment creditor of *Alexander Shaw*, the husband of the defendant, seeks to subject that property to his judgment on the ground that the donation was a sale in disguise, made to the wife during the existence of the community to which the property sold belongs.

The only defence, besides the plea of the general issue, is that the petition fails to disclose any legal right which can divest the defendant of her title.

There was judgment below, decreeing the land in controversy to be the separate and paraphernal property of the defendant, *M. Cassidy*, purchased with

her separate funds, and dismissing the plaintiff's petition.   From that dismissal   <span style="float:right">Prendergast<br>*v.*<br>Cassidy & Shaw.</span>
the present appeal is taken.

It is conceded that the donation was, in truth, a sale.   There is no plea in the answer that the price was paid with paraphernal funds, or that the defendant had any such funds; and no evidence in support of either of these facts is found in the record.

It is shown that the defendant kept a milliner's shop, and that she traded on her own account; but as the case is placed before us, we are under the necessity of presuming that she traded with the funds of the community; if she did, the entire assets in her hands were at all times liable for the community debts; if she did not, the profits out of which the purchase seems to have been made, would still be common under the disposition of the Code, which classes as community property the produce of the reciprocal industry and labor of both husband and wife. C. C. 2371.   The only mode in which the defendant could evade that disposition of law, would have been to obtain a separation of property to which her industry, and the improvidence of her husband, would no doubt have entitled her.

This view of the case renders it unnecessary to determine whether the defendant, who holds under a simulated act, could, in any event, be considered as a *bona fide* purchaser in her own right, and if she could be, whether the evidence that she did so purchase should not be found in the act itself.

It is ordered that the judgment be reversed.   It is further ordered that the property, described in the petition, be, and it is hereby adjudged to belong to the community existing between the defendant and *Alexander Shaw*, her husband, and liable as such to be seized under the judgment of the plaintiff against *Alexander Shaw*, also described in the petition, and it is further ordered that the defendants pay costs in both Courts.