TUJACQUES<br>v.<br>WEISHEIMER

---

## G. R. SPALDING *v.* MR. AND MRS. E. GODARD.

Where a woman at the time of her marriage was in possession of certain lots, as lessee, upon which she had constructed houses, and derived a profit by sub-leasing them, and there was an agreement that at the termination of the lease it might be renewed—*Held:* That if by the marriage contract this continued paraphernal property, and was administered by her through her agents, and at its expiration, the lease was renewed by her in her own name, it remained, after renewal, paraphernal property, and was not liable for debts of the community.

A married woman is not a public merchant within the meaning of the Code, unless she carries on a separate business from her husband.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

George S. Lacey, for plaintiff. E. Bermudez, for defendant and appellant.

MERRICK, C. J. The defendants were married in this city, on the 7th of May, 1855, having the same day entered into a marriage contract. A community of acquets and gains was stipulated.

*Mrs. Godard* was at that time, and previously had been in possession, among other things, of certain property, five lots of ground at the corner of Burgundy and Conti streets, in this city, as lessee, on which she had placed certain wood buildings. The lease was to terminate the 1st of January, 1859; but it seems there was a verbal agreement that it should be renewed for six years, on the same terms. When this verbal agreement was entered into, (whether before or after the marriage,) does not appear. The property was leased to her for $100 per month. By means of her improvements, she could re-let for $160 or $170 per month.

By the marriage contract, the lease was declared to be a paraphernal effect of the wife, together with the buildings which she had erected upon the property, with her own funds. The lease and buildings were estimated in the marriage contract at $2,000.

*Mrs. Godard* appears to have retained the administration of the property, through her agents, after the marriage.

On the third of December, 1857, *Mrs. Godard,* by notarial act, with the authorization of her husband, renewed the lease for six years, and stipulated the right to remove the buildings which she had placed upon the same, at the termination of the lease.

*Mr. Godard* was an æronaut, and also gave exhibitions as a magician. *Mrs. Godard* assisted, and " in the magical performances was the important actor," although she did not appear before the public. She also superintended the making of the balloons, and even made excursions. The witness says, " she appeared to have control of the funds appertaining to the exhibitions. *Godard* always applied to her for money ; she kept the cash ; she was *boss.*"

At St. Louis, on the 18th day of May, 1858, *Mr.* and *Mrs. Godard,* by an instrument under seal, made a mortgage or conditional sale, of the lease of the property above described, to secure $2,398 37, payable March 1, 1859.

They thereby transfer the lease to *Spalding,* under the description of property " leased to said *Mrs. Godard,*" &c.

The condition in the act is, that if the debt shall be paid, the transfer shall be null ; otherwise to remain in force, and *Spalding* to collect the rents.

Plaintiff also binds himself to cancel and annul the instrument so soon as the debt shall be paid, whether from the revenues of the property or otherwise. The debt was for balloons, magical apparatus, &c., sold by *Spalding* to *Godard* and his wife.

Plaintiff commenced his action against defendants' agent, and enjoined him from paying over the rents to the defendants.

We are of the opinion, that the lease, after its renewal, remained the paraphernal property of the wife as before. It is true, that it does not appear when the agreement to renew was made. But it is evident that it was the additional buildings put upon the property before the marriage, which enabled the defendant, *Mrs. Godard,* to make a profit, by sub-leasing, and the object of the renewal must have been to avail herself of her own buildings. Having stipulated in the marriage contract, that the buildings and lease should remain paraphernal, having administered her own property by her agent, and having renewed the lease in her own name, it must be considered paraphernal.

The employment of *Mrs. Godard* cannot be assimilated to that of a public merchant ; neither was it separate from her husband. C. C. 128.

The debt contracted at St. Louis, was a debt of the community, and as a consequence, *Mrs. Godard* was not bound for the same, either in person or property.

This disposes of the whole case.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court as to the said *Mrs. Aglaé Blanchet,* wife of said *Eugène Godard,* be avoided and reversed, and that the said injunction be dissolved ; and that there be judgment in her favor, and against the plaintiff's demand against her, and that she recover her costs in both courts.

Land, J., absent.