## No. 3826.

### Mrs. S. Moussier and Widow A. Courcelle v. F. W. Gustine and C. S. Sauvinet, Sheriff.

An appeal will not be dismissed because the surety on the appeal bond was surety on the injunction bond.

If the bond of appeal fixed by the judge *a quo* is insufficient for a suspensive, it suffices for a devolutive appeal.

A married woman can not be sued on the ground that, being shown to be the keeper of a boarding house and therefore a public merchant, no authorization is necessary either from her husband or the court.

Articles 121 and 131 of the Civil Code can not be construed to warrant the conclusion that the carrying on of any other business by a married woman than that of merchandise constitutes her a public merchant.

The words "separate trade" in the latter clause of article 131 of the Civil Code, declaring that the wife "is considered as a public merchant if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband," refer clearly to the trade in merchandise and not to any other business or pursuit.

When by the terms and conditions of a lease two lessees are bound *in solido*, a judgment from the court a qua against them *jointly* will be set aside, and if the judgment against one of the parties to the lease never had any legal force it remains in full force against the other.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,*  J. *B. R. Forman,* for plaintiffs and appellants. *Randolph, Singleton & Browne,* for defendants and appellees.

### On Motion to Dismiss the Appeal.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly and Howe.

Wyly, J. The plaintiffs injoined the execution of a judgment against them for $1850. The injunction was dissolved with twenty per cent. damages and they have appealed.

The defendants move to dismiss the appeal because the bond is not sufficient in amount; because the surety on the appeal bond is the same person who was surety on the injunction bond, and because the latter is not made party to the appeal.

The appeal was taken by motion and the appeal bond is in favor of the clerk. All parties are therefore before the court.

The appeal bond being for $2000 is ample for a suspensive appeal.

The injunction bond was given to protect the defendants from damages resulting from the injunction, the amount of which decreed by the court is only $370.

That the surety on the injunction bond is the security on the appeal bond is of no consequence; he was not condemned to pay anything and he is not an appellant. 12 La. 383; 2 R. 235.

The motion is therefore denied.

## ON THE MERITS.

Justices concurring: Ludeling, Taliaferro and Howe.

TALIAFERRO, J. There is a motion to dismiss the appeal in this case on the following grounds:

*First*—That the surety on the appeal bond was surety on the injunction bond.

*Second*—That the amount of the appeal bond is insufficient, being only for $2000 when it should have been for a much larger sum; the execution injoined was for $1850, with interest and costs.

The first ground is untenable. 2 Rob. 235.

The amount of the bond was fixed by the judge. If insufficient for a suspensive it suffices for a devolutive appeal. 20 An. 340; 21 An. 597.

In this action the plaintiffs, who are sisters, one of them a married woman, the other a widow, injoin an execution issued against them on a judgment obtained by Gustine, the defendant in injunction, for the sum of $1850, with interest, and also sue to have that judgment annulled on the ground: *First*—That the judgment was obtained against Mrs. Moussier, a married woman, without any authorization having been given to her by her husband or the judge to appear in court. That the judgment therefore as to her is null. *Second*—The judgment being joint, it is null as to Mrs. Courcelle, who was sued as a joint obligor with her sister. The article 2080 (2085) declares: "No judgment can be obtained against any joint obligor unless it be proved that all joined in the obligation." The absolute incapacity of Mrs. Moussier to appear in court rendering the judgment as to her null, no judgment could be rendered against the other party. *Third*—That the judgment was rendered by agreement of the parties on the confession of the two plaintiffs, on the express condition that it was not to be executed against them, having been obtained merely for the purpose of keeping off creditors for small amounts who might cause

annoyance to both Gustine, the creditor, and the two plaintiffs here defendants in the consent judgment.

There was judgment in the court below dissolving the injunction, with twenty per cent. damages, and rendering judgment against the plaintiffs, rejecting their claim to annul the judgment.

The plaintiffs have appealed.

The facts are that these plaintiffs leased property from the defendant Gustine, and were in arrears with him to a considerable amount. An arrangement was entered into through an attorney by which the parties indebted on their lease were to confess a judgment in favor of their lessor who was not to execute it, but hold it in check over creditors for small sums, who were by means of judgments obtained in courts of justices of the peace frequently annoying the plaintiffs by seizures for small debts, while at the same time he made his own debt secure. It is shown that Mrs. Moussier has a husband who has been absent several years in Brazil. This fact is fully proved. No authorization whatever is shown for her to appear in court. The judge *a quo* proceeded to render judgment against her on the ground that, being shown to be the keeper of a boarding house, and therefore a public merchant, no authorization was necessary either from her husband or the court. We do not think that articles 121 and 131 of the Civil Code can be construed to warrant the conclusion that the carrying on of any other business by a married woman than that of merchandise constitutes her a public merchant. The latter clause of article 131 declares that the wife "is considered as a public merchant if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband." The "separate trade" here spoken of, we think, refers clearly to the trade in merchandise and not to any other business or pursuit.

By the terms and conditions of the lease the lessees (the two plaintiffs) were bound *in solido*. The judgment they seek now to annul never had any legal force against Mrs. Moussier for the reasons stated. But it remains in force against Mrs. Courcelle.

It is therefore ordered that the judgment appealed from be annulled and set aside. It is ordered further that the judgment which the plaintiffs pray in this suit to have annulled be and the same is hereby decreed null and void as to Mrs. Moussier, and that it be maintained for the whole against Mrs. Courcelle. It is further ordered that the injunction be perpetuated as to Mrs. Moussier, with costs in the lower court; and that it be dissolved as to Mrs. Courcelle, with ten per cent. damages on the amount injoined, which are hereby decreed against Mrs. Courcelle and her sureties on the injunction bond *in solido*, she paying all costs.

Rehearing refused.