Isaacson vs. Mentz et al.

## No. 8228.

HENRY M. ISAACSON VS. PHILLIP H. MENTZ ET AL.

|     |     |
| --- | --- |
| 33  | 595 |
| 45  | 882 |
| 33  | 595 |
| 49  | 172 |
| 33  | 595 |
| 107 | 459 |

The earnings of a married woman in keeping a boarding-house, during the existence of the Community of acquets and gains, fall into and belong to the said Community. Therefore, a transfer of property made by her husband to her, in payment of her claim against him for the restitution of such earnings, is null and void.

The special mortgage furnished by the natural tutrix in favor of her minor children, does not destroy, but merely restricts the previous legal mortgage.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. McVea, J.

*Henry Avery* and *S. M. Robertson* for Plaintiff and Appellant :

An act of sale without a price must be considered as an act of donation, when made with the formalities required for donations. 13 La. 387; 5 M. 694; 10 La. 90; 2 An. 766; 5 An. 433; 14 An. 710; 15 An. 666.

The earnings of the wife's needle, or any other work or labor, belong to the community. 30 An. 171.

If a disposition is susceptible of two interpretations, the one making it lawful and valid, the other making it unlawful and void, the courts must adopt that interpretation which makes it lawful and valid. 29 An. 234.

Parties are at liberty to convey their property as they please, and only their then existing creditors, who are injured thereby, can complain. 27 An. 255; 31 An. 799.

Among creditors the mortgage, whether conventional, legal or judicial, has force only from the time of recording, and as recorded. C. C. 3297; 2 An. 917; 7 An. 533; 23 An. 104, 132, 533.

When separate books for conventional and judicial mortgages were kept, the conventional mortgage should have been recorded in the book for conventional mortgages, so that its registry in the book of judicial mortgages alone gave no notice to third parties. 2 An. 438, 291, 800; 5 An. 154; 6 An. 162.

The registry of a mortgage specifying no amount, and containing no description of the property mortgaged, gives no notice to third parties. C. C. 3273-75-77; 5 An. 123; 2 An. 917; 23 An. 132; 27 An. 299; 29 An. 315.

If the administrator or the recorder failed to secure the mortgage by proper registy, they may be held responsible for the neglect, but this neglect cannot deprive third parties of rights acquired in consequence of such neglect. 28 An. 810.

When the family meeting advised an adjudication, and the judgment approved the advice, there resulted therefrom a sale; from the sale a debt; and from this debt a conventional mortgage. 21 An. 644; 5 An. 598; 12 An. 78; 26 An. 144; C. C. 3317 (new).

The tacit mortgage was only a security for the faithful administration of the tutrix; C. C. 3282; 10 An. 429; so that when the minors, after emancipation, neither alleged nor intimated there had not been a faithful administration, and the evidence shows a faithful administration, and that there remained property of the succession largely in excess of their claims, they were without right to proceed against the individual property of the tutrix to the prejudice of her judgment creditors.

*Herron & Beale* for Defendants and Appellees:

First—The profits resulting from keeping a boarding-house by the wife, not separated in property from her husband, belong to the community, and do not enter into the formation of the paraphernalia. R. C. C. 2402; 8 An. 96; Prendergast vs. Shaw, R. C. C. 131; 3 Rob. 329; 16 An. 212.

Second—A transfer of property by the husband to the wife, unless it is to replace alienated paraphernal funds or property, is absolutely null. R. C. C. 2446, 1790; 1 An. 302; 2 An. 483; 4 An. 65; 5 An. 600; 14 An. 609; 15 An. 317, 491; 18 An. 27; 23 An. 491, and many other decisions.

Third—The effect of giving a special mortgage is not to destroy the general mortgage, but only to restrict it; and the general legal mortgage continues to exist from its original date on the property specially mortgaged. 15 An. 417, and authorities therein quoted; 23 An. 544; Marcade continued by Pont, vol. I, paragraphs 553, 554.

The opinion of the Court was delivered by

TODD, J. The plaintiff obtained a judgment against Widow Louisa Mentz in March, 1868, for $4438, with interest. This judgment was recorded soon after its rendition, in the book of judicial mortgages in the office of the recorder of the parish of East Baton Rouge.

To enforce the judicial mortgage claimed to result from the inscription of this judgment, he instituted this, an hypothecary action, against the defendants, who are the children of Mrs. Mentz, the judgment debtor, and in possession as owners of the property, against which the action is directed.

The plaintiff alleges that the property in question was acquired by Mrs. Mentz in 1859, by an act of transfer from her husband, Phillip Mentz, then living, and that it passed into the possession of the defendants subject to his said mortgage.

The defendants, in their answer, deny that this property was ever acquired by their mother, Mrs. Mentz, but aver that it belonged to the community that existed between their father, Phillip Mentz, deceased, and their mother; that the alleged transfer, under which it was claimed the property was conveyed to her, did not and could not confer on her any title thereto, as shown by the face of the act; that the said property was placed on the inventory of the succession of their deceased father as community property; was subsequently adjudicated to their mother, and afterwards acquired by them at sheriff's sale, made under a judgment obtained by them against their mother as tutrix; that their mortgage rights on the property thus acquired by them antedated the judgment of plaintiff, and were fully preserved; and that the proceedings by which they became owners of the property were all in conformity to law.

From a judgment in favor of the defendants the plaintiff has appealed.

We are of opinion that the transfer made by Phillip Mentz to Mrs. Louisa Mentz, his wife, in 1859, passed no right or title to her in or to the property purporting to be therein conveyed. The act purports to be a sale, and is so termed by the parties thereto. The price in consideration of the alleged sale, as declared in the act, is $8000, being for "money made and earned by her (Mrs. Mentz) by keeping a boarding-

house on her own account in the town of Baton Rouge," and received by the husband and applied to his own use.

Inasmuch as there was a community of acquets and gains existing between this husband and wife during the entire term mentioned, the earnings referred to fell into the community and were subject entirely to the charge and disposition of the husband, as head of that community, for which he was under no obligation to account to his wife. C. C. 2402; 8 An. 96.

This sale or transfer did not fall within the exceptions provided by article 2446 C. C. to the general rule, declaring the nullity of contracts entered into by the husband and wife during marriage.

C. C. 1790; 1 An. 302; 2 An. 483; 4 An. 65; 5 An. 600; 14 An. 609; 15 An. 317, 491; 18 An. 27: 23 An. 491.

The counsel in his brief argues that the act in question was a donation, from the fact that, after stating the money consideration of the sale or transfer as shown above, an expression occurs in the act of a further purpose or desire to secure a living to his wife and children. This did not, of itself, change the character of the act from what the parties termed it, and make it a donation, of which it lacked the essential elements. Though called a donation in his argument, the counsel did not so treat it in the pleadings. It is there termed by him a transfer.

Did any doubt exist as to the nature of this act, so far as it can affect the plaintiff, that doubt would be removed by the subsequent proceedings of Mrs. Mentz with respect to it. Upon the death of her husband, in 1864, so far from claiming the property in question as her separate property by virtue of this transfer, she permitted it to be placed on the inventory of his succession, an inventory made on her own application, as belonging to the succession. And, subsequently, in a petition signed by her personally, she declared it to belong to the community that had existed between her and her husband, and caused it to be adjudicated to her as community property, in which her minor children were interested, under the provisions of article 343 (338) C. C.

These proceedings, showing a complete disclaimer of any separate rights or interests under the act referred to, and amounting, on her part, to a repudiation of the act, took place long anterior to the date of plaintiff's judgment, and are equally as conclusive against him as against Mrs. Mentz, his debtor.

The defendants claim this property under a sheriff's sale made on the 2d of March, 1872. This sale was under a judgment in favor of her children, Phillip H. and Celina Mentz, against their mother as tutrix, for $9870 57, and which recognized a legal mortgage in their favor, to date from the 7th of September, 1864; and the sale did not satisfy the judgment.

It is also shown that the evidence of the legal mortgage thus recognized by the judgment, being an abstract from the inventory of their father's succession, had been inscribed in the proper mortgage book on the 24th September, 1869, and reinscribed on the 21st of April, 1879, and the mortgage thereby preserved.

It is, however, contended that the adjudication made to Mrs. Mentz in the proceeding referred to, and the special mortgage provided thereunder, destroyed the general mortgage in favor of the minors.

The regularity of this adjudication is attacked, and upon the face of the papers its validity appears questionable, but whether valid or not, the special mortgage provided under such proceeding does not destroy, but merely restricts the previous legal mortgage.

Guillett et al. vs. Jure, 15 An. 417.

Troplong, Hypotheque, vol. II, No. 644.

We see no error in the judgment appealed from, and it is, therefore, affirmed with costs.