No. 8778.
Orleans Appeal.

### A. FABACHER, Appellant, v. MRS. C. ROUPRICH.

(April 27, 1925, Opinion and Decree. Bell, J., dissents.)
(May 25, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Marriage—Par. 91, 92, 93.**
In order to recover the price of things sold to a married woman it is necessary to prove that she was a public merchant conducting a business with the permission of her husband.

2. **Louisiana Digest—Marriage—Par. 91, 92, 93.**
Conducting a "dairy" does not constitute a wife a public merchant.

3. **Louisiana Digest—Marriage—Par. 92.**
When the husband is absent the presumption of permission ceases and the burden is upon the plaintiff to prove that the husband authorized his wife expressly or impliedly.

Appeal from the 28th Judicial District Court, Parish of Jefferson, Hon. H. N. Gautier, Judge.

This is a suit for the price of cows. There was judgment for defendant rejecting plaintiff's demand, and he has appealed.
Judgment affirmed.

J. E. Fleury, Nat. W. Bond, attorneys for plaintiff and appellant.

A. T. Higgins, attorney for defendant and appellee.

CLAIBORNE, J. This is a suit for the price of cows.

The plaintiff alleged that Mrs. Chris. Rouprich was a married woman, the wife of Chris. Rouprich, and that she was doing business as a "public merchant" conducting a "dairy business"; that at various times between September 15, 1920, and May 23, 1921, he sold Mrs. Rouprich cows, calves, a mare and colt, a truck, etc., amounting to $3,032.21; that Mrs. Rouprich has paid on account $2,220; leaving a balance due

of $832.21, for which he claims judgment against Mrs. Rouprich.

Prior to the filing of her answer there was a judgment of divorce between the defendant and her husband.

The defendant for answer denied all the allegations of plaintiff's petition and averred that all the things mentioned in plaintiff's petition had been sold not to her but to her minor son, Lynn Rouprich.

There was judgment for defendant rejecting plaintiff's demand, and he has appealed.

The District Judge found that the defendant was not conducting the dairy business; that the business was conducted by her two sons, and that she had not been authorized by her husband to do any business.

It is evident that assuming that the defendant was conducting a dairy the plaintiff also had to prove that such occupation or business constituted her a "public merchant" and that she conducted the business with the express or implied consent of her husband. He has not proved either.

C. C. Article 131 (128). "If the wife of a public merchant, she may, without being empowered by her husband, obligate herself in anything relating to her trade; and in such case, her husband is bound also, if there exists a community of property between them. She is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband." C. N. 220, 1426.

C. C. 1786 (1779). "The authorization of the husband to the commercial contracts of the wife is presumed by law, if he permits her to trade her own name."

Assuming that the defendant purchased the cattle sued for, it is admitted that she was not authorized so to do by her husband from whom she has been separated for many years.

The business which it is alleged the defendant was engaged in was selling milk. Did that constitute her a "public merchant"?

It is clear that a married woman is without capacity to contract without the assistance of her husband, unless she be a public merchant. Robert H. Thorne vs. Brudget Egan and Husband, 3 Rob. 329; Timoleon Chauviere vs. Mrs. Fliege, 6 La. Ann. 56; Elsie M. Isaacson vs. Philip M. Mentz, 33 La. Ann. 595; Samuel Friedlander vs. Mrs. Elsie Schmalinski, 34 La. Ann. 528.

The business of an aeronaut and giving magical performances is not that of a public servant G. R. Spalding vs. Mr. and Mrs. E. Godard, 15 La. Ann. 277.

In the case of Mrs. Moussier vs. Gustino, 25 La. Ann. 36, the Court said:

"The judge a quo proceeded to render judgment against her (Mrs. Moussier) on the ground that being shown to be the keeper of a boarding house, and therefore a public merchant, no authorization was necessary either from her husband or the Court. We do not think that Articles 121 and 131 of the Civil Code can be construed to warrant the conclusion that the carrying on of any other business by a married woman than that of merchandise constitutes her a public merchant."

The latter clause of Article 131 declares that the wife "is considered as a public merchant if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband". The "separate trade" here spoken of, we think, refers clearly to the trade in merchandise and not to any other business or pursuit. Daboval vs. Escurix, 8 La. Ann. 96; Henry M. Isaacson vs. Philip H. Mentz, 33 La. Ann. 595; Samuel Friedlander vs. Mrs. Elsie Schmalinski, 34 La. Ann. 528; Overton vs. Gervais, 5 M. (N. S.) 682.

To be a merchant one must be engaged in commerce, in the business of buying and selling or trading in, articles of commerce.

According to the Century Dictionary a merchant is "One who is engaged in the business of buying commercial commodities and selling them again for the sake of profit. One who sells without having bought, as where one sells products of his own labor, is not usually termed a merchant".

Abbott's Law Dictionary defines "merchant" as "One who buys and trades in any thing; and as merchandise includes all goods and wares exposed to sale in fairs or markets, so the word merchant formerly extended to all sorts of traders, buyers, and sellers. But every one who buys and sells is not at this day under the denomination of a merchant. Only those who traffic in the way of commerce, by importation or exportation or carry on business by way of emption, vendition, barter, permutation, or exchange and who make it their living to buy and sell, by a continued assiduity or frequent negotiation in the mystery of merchandising are esteemed merchants."

Buying and selling commercial commodities are essential to constitute a merchant. 5 Words and Phrases vs. "Merchant"; see also same, second series, and 2 Bouvier 155, Joseph Schwartz vs. Thirty-Two Flatboats, 14 La. Ann. 244.

Our Article 131 is a literal translation of the Article 220 of the Code Napoleon: "La femme si elle est marchande publique", etc.

Larousse defines the word "Marchand" as follows: "Personne qui vend, dont le metier est d'acheter pour revendre". 3 Laurent, p. 152, S. 116.

"When is the wife a merchant?" We must apply Article 1 of the Code of Commerce: "Merchants are those who deal in acts of commerce and make of it their habitual profession."

Persons engaged in agriculture or manufactures or constructions or professions are not commercial partners because they are not engaged in commerce. They are not merchants of the products of their industry which they put upon the market. A cotton or sugar planter is not a merchant any more than he who keeps a dairy or a bee hive.

Not only is it necessary that the wife should be a public merchant, but she must exercise that business with the authorization of her husband, because if there is a community between them, the husband is liable in solido, with her. When the husband is present, and has knowledge of her business, his authorization, express or implied, is presumed. But when the husband is absent or ignorant of her business, neither the wife nor the husband is liable. 2 Toublier, p. 22, S. 636-637.

There is proof in this case that the husband was absent and did not authorize his wife.

The judgment is therefore affirmed.