DENEKAMP v. HEISLER ET AL.

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(March 31, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

H. W. Kaiser, Thomas Tomeny and John H. Hammel, Jr., of New Orleans, attorneys for Miss Denekamp, plaintiff, appellee,

M'Caleb & M'Caleb, of New Orleans, attorneys for John D. Nix, Jr., defendant, appellant.

Theo. Cotonio, Jr., and Theo. Cotonio, of New Orleans, attorneys for Mr. and Mrs. William F. Heisler, defendants, appellants.

WESTERFIELD, J. Mrs. Josephine Heisler rented a building at the corner of St. Charles avenue and Antonine street, from John D. Nix, Jr., and began the operation of a boarding house or apartment hotel. The venture was unsuccessful, and trouble developed between Nix and Mrs. Heisler, which resulted in litigation. The litigation was compromised by the cancellation of the lease and a transfer of the household furnishings and fixtures to Nix. In the words of the agreement:

"John D. Nix, Jr., does pay unto Mr. and Mrs. William F. Heisler the sum of Six Thousand ($6000.00) Dollars, and in consideration thereof the said Mr. and Mrs. William F. Heisler, do hereby quit-claim and renounce in favor of the said John D. Nix, Jr., all their right, title and interest

in and to the furniture, furnishings and fixtures purchased by them and now in the buildings at the corner of St. Charles Avenue and Antonine Street, upon which the said Mr. and Mrs. William F. Heisler represent they have paid Six Thousand ($6000.00) Dollars, and owe a balance of Nine Thousand ($9000.00) dollars, as per inventory annexed hereto. All other furniture, furnishings and fixtures owned by Mr. and Mrs. William F. Heisler to remain in said premises free of charge to the said John D. Nix, Jr., for at least two months from date hereof, and the said John D. Nix, Jr. will account to the said Mr. and Mrs. William F. Heisler for said furniture, etc., as per inventory, when requested upon the expiration of said sixty day period aforesaid."

Among the items transferred to Nix by this agreement were a quantity of knives, forks, and spoons which had been purchased by Mrs. Heisler from Miss Esther R. Denekamp. Miss Denekamp had not been paid for her tableware and brought this suit against Mr. and Mrs. William F. Heisler and John D. Nix, Jr., her claim against Nix being based upon his failure to comply with Act No. 270 of 1926, the Bulk Sales Act. The plaintiff also asked for a recognition of her vendor's lien upon the silverware.

To the petition of plaintiff, each of the three defendants filed an exception of no cause of action. The exception filed on behalf of Mrs. Heisler was overruled and the other two exceptions maintained, whereupon Mrs. Heisler admitted the purchase of the silverware and set up the agreement with Nix, the effect of which, she claims, was the assumption by Nix of plaintiff's claim. She called Nix in warranty. The case was tried by a jury which rendered a verdict in favor of plaintiff and against Mrs. Heisler in the amount prayed for, $1,522.50, upon which, judgment to that effect was subsequently rendered and Mrs. Heisler's call in warranty dismissed. Plaintiff has appealed from the judgment dismissing her suit as against Nix and Heisler, and Mrs. Heisler has appealed from the judgment against her in plaintiff's favor and from the judgment in favor of Nix dismissing her call in warranty.

We will first consider the propriety of the judgment maintaining the exception of no cause of action as to William F. Heisler. This exception was directed to the allegation in plaintiff's petition, to the effect that Mrs. Wm. F. Heisler conducted the boarding house business for the equipment of which the silverware was purchased "with her separate and paraphernal funds, that her said husband authorized her to conduct said business and assisted in the management thereof; that there was a community of acquets between said Mr. William F. Heisler and Mrs. William F. Heisler and that by reason thereof both Mr. and Mrs. William F. Heisler are bound in solido." Plaintiff based her right to proceed against both Mr. and Mrs. Heisler upon article 131 of the Civil Code reading as follows:

"If the wife is a public merchant, she may, without being empowered by her husband, obligate herself in anything relating to her trade; and, in such case, her husband is bound also, if there exists a community of property between them.

"She is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise belonging to the commerce carried on by her husband."

The article relied on has no application, for the reason that, under the allegation of plaintiff's petition, Mrs. Heisler was not engaged in business as a public merchant. Moussier vs. Gustine, 25 La. Ann. 36; Isaacson vs. Mentz, 33 La. Ann. 595; Fa-

bacher vs. Rouprich, 2 La. App. 138. The exception of no cause of action on behalf of William F. Heisler was properly maintained.

As to John D. Nix, Jr., his exception of no cause of action is based upon the contention that the Bulk Sales Law has no application and that, since the agreement by which he acquired the silverware, sold by plaintiff, from Mrs. Heisler does not contain any assumption of Mrs. Heisler's debt to Miss Denekamp, there can be no liability. The Bulk Sales Law requires the transferee to demand from the transferor a written sworn statement setting out the names of all creditors with their addresses, the amounts due them, etc., and that at least ten days before the completion of the transfer all creditors must be notified thereof. The penalty for the violation of this provision is to render the transferee liable for the debt. It is admitted that Nix did not comply with this law. The title of the act states its purpose to be:

"To prescribe the form and to regulate the manner in which the transfer and sale in bulk out of the usual course of business of a stock of goods, wares, merchandise and fixtures, and transfers, * * *" etc.

Section 1 of the act prohibits the transfer in bulk of a stock of merchandise otherwise than provided by the act and sets forth the kind of merchandise embraced within the terms of the act as "the whole of a stock of merchandise, or merchandise and fixtures, or of all or of substantially all of the fixtures or equipment used or to be used in the display, manufacture, care or delivery of any goods, wares or merchandise including movable store and office fixtures, horses, wagons, automobile trucks and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Act." The only possible basis for the application of the act relied on to the transaction set forth in the petition is the use of the words "or other goods or chattels of the business of the transferor." But these words plainly relate to the goods or chattels of the same kind referred to in the detailed description. Defendant's boarding house business cannot be considered as merchandising within the meaning of the act. Swift vs. Tempelos, 178 N. C. 487, 101 S. E. 8, 7 A. L. R. 1581; Bowen vs. Quigley, 165 Mich. 337, 130 N.W. 690, 34 L.R.A. (N. S.) 218; Toxaway Hotel Co. vs. Smathers, 216 U. S. 439, 30 S. Ct. 263, 54 L. Ed. 558.

It is said that, whether the Bulk Sales Act applies or not, Nix should be kept in the case, because Miss Denekamp, the plaintiff, has asserted her vendor's lien upon the silverware resold by Mrs. Heisler to Nix and in the possession of Nix. It is not pretended that Nix was obligated to pay plaintiff's debt because of the agreement under which he acquired the silverware from Mrs. Heisler. As to the vendor's lien it may be that Nix, the landlord, would have a lien superior in rank to that of Miss Denekamp, and we believe that this issue should be determined in another proceeding. The exception of no cause of action filed on behalf of Nix was properly maintained.

On the trial of the case it appears from the evidence that Mrs. Heisler lived with her husband, William F. Heisler; that she had been in the boarding house business with her husband, William F. Heisler; that

her husband assisted her in the management of it, receiving the money collected by his wife and depositing same in his bank account. Mrs. Heisler testified that her boarding house ventures were conducted for the joint benefit of herself and her husband. It is, therefore, apparent that the boarding house business of Mrs. Heisler was a community venture, and that Miss Denekamp's debt is a community debt, for which, under long-established jurisprudence, the wife cannot be held liable. But, it is said that under one of the several recent acts of the Legislature, Act No. 170 of 1912, as amended by Act No. 186 of 1920, the former jurisprudence has been modified. An examination of each of these acts reveals the fact that the enlargement upon the former capacity of women to contract for their own account relates only to their paraphernal interest and to a situation where the wife conducts business on her own account and with her own paraphernal funds. See Standard Manufacturing Co. vs. Dupuis et al., 6 La. App. 476; Brooks-Mays & Co. vs. Riles et al., 125 So. 475.

It follows from what has been said that the judgment against Mrs. Heisler is erroneous and must be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, reversed, and it is now ordered that there be judgment in favor of Mrs. Heisler dismissing plaintiff's suit.