YARRUT, Judge.
Defendant appeals from a judgment in favor of Plaintiff for the principal sum of $161.73, plus 8% interest per annum from April 23, 1957, plus an attorney’s fee of 20% on the full amount, and costs.
Plaintiff had sold two Reed Window Fans to one Placide J. Macaluso for a total price of $266.85, payable at the rate of $23.00 per month, plus 8% interest on delinquent installments, and 20% attorney’s fee under written contract of sale dated June 11, 1956.
On April 23, 1957, Macaluso sold his business in bulk to Defendant, which included a large number of items of equipment for a total consideration of $2080.00 cash, per notarial act of sale.
Included in the sale were the two Reed fans, no value or balance due thereon recited, but with the written stipulation that “Purchaser will assume the balance due and owing to Weiner’s Furniture Company on the two Reed window fans.”
Defendant denies liability to Plaintiff on the ground his assumption of liability was not a stipulation pour autri, but was a contract solely between him and Macaluso; and, alternatively, that he was told the balance due was only $60.00, not the actual amount of $161.73.
Defendant’s liability, without the expressed assumption, is fixed by the Bulk Sales Law of Louisiana, LSA-R.S. 9:2961 et seq., governing the sale, in bulk, out of the ordinary course of business or trade, or the usual prosecution of the business of the transferor (that of restauranteur), hence the codal articles regarding stipulations pour autri and those regarding novation, have no place here. Unless the purchaser, governed by the Bulk Sales Law, complies with its terms, he is liable for the transferor’s debts as receiver for the value of the property transferred.
We shall, therefore, pretermit any discussion of novation or stipulations pour autri, under LSA-C.C. Arts. 2185-2198, and LSA-C.C. Art. 1890, respectively, since the liability of Defendant to Plaintiff may be determined by Louisiana’s Bulk Sales Law, LSA-R.S. 9:2961 et seq., more especially LSA-R.S. 9:2962.
If Defendant was not advised, or misinformed of the balance due by Macaluso to Plaintiff, it was because he failed to comply with the mandate of LSA-R.S. 9:2962, that the purchaser exact, and the seller furnish, a sworn list of all creditors of seller, their addresses, the original sales price of each article and balance due, notice of which must be given to each creditor not later than 10 days before the sale. Failure of the purchaser to comply with the mandate renders him liable with the seller for the payment of the debts to the extent of the total value of the property sold in bulk. Goldberg v. Martin, 203 La. 70, 13 So.2d 465; Chattanooga Glass Co. v. Baton Rouge “76” Bottling Co.,- La.App., 53 So.2d 818; Estilette v. United States Fidelity & Guaranty Co., La.App., 64 So.2d 878; Strunk Chain Saws, Inc. v. Williams, La.App., Ill So.2d 195.
For the reasons assigned, the judgment of the lower court is affirmed; Defendant to pay all costs in both courts.
Affirmed.