148 So.2d 869 (1963)
LEWIS MACHINE & WELDING SERVICE, INC.
v.
AMITE READY MIX COMPANY et al.
No. 5716.
Court of Appeal of Louisiana, First Circuit.
January 18, 1963.
*870 Palmer & Palmer by Chas. B. W. Palmer, Amite, for appellant.
Edwin C. Schilling, Jr., Amite, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
*871 LANDRY, Judge.
This is an action on an open account wherein plaintiff, Lewis Machine & Welding Service, Inc., seeks judgment in its favor, individually and in solido, against Ogden O. Watson and/or the unincorporated firm known as Ogden O. Watson D/B/A Amite Ready Mix Company, and/or the corporations known as Amite Ready Mix Company, Inc. and Service Sand & Gravel Company, Inc., which concerns are alleged to be either unincorporated firms owned by Watson or corporations represented by him in the capacity of president. The suit is for money judgment in the sum of $1,690.45 allegedly due for repairs to a certain TD-18 Bulldozer reputedly ordered and requested by Watson either as owner of the Bulldozer in his individual capacity, or as owner of one of the aforesaid unincorporated firms, or in his capacity as president of one of the aforesaid corporations.
To plaintiff's said petition all defendants filed exceptions of no right and no cause of action which were sustained by the trial court. From the judgment of the lower court dismissing and rejecting its demands as to all said defendants, plaintiff has appealed.
Although defendants' exceptions are denominated exceptions of no right and no cause of action, the arguments advanced in support thereof clearly show they are in reality exceptions of no cause of action only. Hence, our discussion of said exceptions shall proceed on the premise they are solely exceptions of no cause of action.
The gravamen of plaintiff's complaint is to be found in Articles 1, 2, and 3 and the prayer of the petition which articles and prayer are herein set forth in full as follows:
"1.
"Amite Ready Mix Company, or in the alternative, Service Sand & Gravel Company, Inc. or in the further alternative, Kentwood Ready Mix, all or a part of the above companies being owned and operated by Ogden O. Watson, either as a corporation or a solely owned business, on information and belief, are all or singular justly indebted unto your petitioner, both jointly, individually, and in solido, in the full sum of ONE THOUSAND SIX HUNDRED NINETY AND 45/100 ($1,690.45) DOLLARS, for the following, to-wit:
"2.
"On or about the 25th day of April, 1959, in the name of Amite Ready Mix, petitioner furnished certain materials on the dates and amounts set forth on the sworn itemized statement of account, attached hereto and made a part hereof, all at the request of Ogden O. Watson, the owner, or in the alternative, the president, of this company.
"3.
"On information and belief, the said Ogden O. Watson d/b/a Amite Ready Mix Company, formed a corporation known as the Service Sand & Gravel Company, and probably several other corporations and that the assets of the Amite Ready Mix Company were transferred to the Service Sand & Gravel Company and/or by any other one or several corporations organized by the said Ogden O. Watson, without complying with the bulk sales law, therefore, Ogden O. Watson, Amite Ready Mix, and the Service Sand & Gravel Company, Inc. or any other corporations to whom the assets of the Amite Ready Mix Company were transferred, without compliance to the bulk sales law, and are all justly and duly indebted unto petitioner up to the value of ONE THOUSAND SIX HUNDRED NINETY AND 45/100 ($1,690.45) DOLLARS, as provided in the Bulk Sales Law.
"WHEREFORE PETITIONER PRAYS that the defendants, Ogden Watson d/b/a Amite Ready Mix Company, Amite Ready Mix, Inc., Service *872 Sand & Gravel Company and/or any other corporations to whom the assets of the Amite Ready Mix Company were transferred, be duly cited to appear and answer this petition; that after legal delays had, there be judgment herein against the said defendants, jointly, individually and in solido, and in favor of petitioner, in the full sum of ONE THOUSAND SIX HUNDRED NINETY AND 45/100 ($1,690.45) DOLLARS, from the date of judicial demand.
"In the alternative and only in the event that the bulk sales law was complied with or that these debts were found to be due by some other company that judgment be rendered in favor of Lewis Machine & Welding Service, Inc. and against any individual company or individually owned business that is found by the court to owe Lewis Machine & Welding Service, Inc. the amount of One Thousand Six Hundred Ninety and 45/100 ($1,690.45) Dollars, and in the further alternative, that Ogden O. Watson, Amite Ready Mix or any other company that has replaced or bought the assets of the Amite Ready Mix Company, or justly and truly indebted to Lewis Machine & Welding Service, Inc. on the basis of quantum merit.
"PETITIONER FURTHER PRAYS that the defendants answer the enclosed interrogatories categorically and under oath within fifteen days, and for full, general and equitable relief."
Plaintiff earnestly contends the above quoted portions of its petition in essence sets forth the following alternative demands: (1) A claim against defendant Ogden O. Watson individually for repairs to a bulldozer belonging to him and made pursuant to his request therefor; (2) Demand against defendant Ogden O. Watson D/B/A either of the unincorporated associations known as Amite Ready Mix Company or Service Sand & Gravel Company for repairs to the equipment in question because such repairs were ordered by Watson as owner of the unincorporated concern which held title to the equipment at the time the repairs were ordered and subsequent thereto Watson transferred the machine to the other said concern without complying with the Bulk Sales Law of this state thereby imposing liability upon both purchaser and seller; and (3) Demand against corporations known as Amite Ready Mix, Inc. and Service Sand & Gravel Company, Inc. by virtue of Ogden as President of one of said corporations having ordered repairs to the property of the corporate owner and subsequently transferring title to the property to the other corporation without complying with the Bulk Sales Act thereby resulting in liability for said repairs on both vendor and vendee corporations.
Our esteemed brother below did not assign written reasons for the judgment rendered. It appears, however, from the briefs of counsel filed herein, that the judgment of the trial court was predicated solely upon the conclusion that plaintiff's demands in toto were founded upon an alleged violation of the Bulk Sales Law of this state which statute the trial court found inapplicable to any transfer of the repaired equipment which defendants may have entered into subsequent to the performance of the work for which plaintiff herein seeks recompense.
It is the settled jurisprudence of this state that to determine the true nature and character of a plaintiff's demand, the courts will look to the substance or essence thereof and that a litigant's claim will not be rejected because of inexpert pleading unless no other alternative is open to the courts. Bozeman v. McDonald, La.App., 40 So.2d 517.
Pleadings of litigants are to be liberally construed so as to yield as little as possible to technicality in order that the ends of justice may be served. Hoffpauir v. Southern Farm Bureau Casualty Ins. Co., *873 La.App., 124 So.2d 409. The tendency of modern jurisprudence is to yield as little as possible to technicalities so as to serve the ends of justice and prevent useless costs and delays. City of Gretna v. Gulf Distilling Corporation, 207 La. 719, 21 So.2d 884.
The tendency of recent jurisprudence is to be reasonable and even liberal in interpreting pleadings so that causes may be heard on their merits rather than dismissed on technical deficiencies of form, provided the petition fairly apprises the defendant of the nature of the claim against him. Wiltz v. Esso Standard Oil Company, La.App., 126 So.2d 649.
The object or purpose of a suit is to be determined in the light of the allegations set forth in plaintiff's petition or complaint which allegations must be considered and viewed in conjunction with the prayer for relief which forms a part of the petition or complaint. Even though the prayer of the petition does not expressly request the relief which the allegations of the petition warrant, such deficiency does not defeat petitioner's right to judgment on the averments it contains where such asseverations adequately set forth and sustain a cause of action and the petition contains a prayer for general and equitable relief. Newman v. Fidelity Mutual Insurance Company, La. App., 86 So.2d 404.
In disposing of an exception of no cause of action all well pleaded allegations of plaintiff's petition must be regarded as true. Fontenot v. National Transfer Company, La.App., 93 So.2d 254.
Alternative pleading is clearly recognized under our law. A petition which sets forth alternative demands against a defendant is invulnerable to an exception of no cause of action if any one of plaintiff's alternative demands appears well stated. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627.
It is significant to observe that plaintiff's petition, which alleges certain alternative demands, concludes with a prayer for general and equitable relief. In substance the petition asserts that on or about April 25, 1959, plaintiff made certain repairs to a TD-18 Bulldozer in the aggregate of $1,690.45. The further allegation is made that said repairs were made at the request of defendant, Ogden O. Watson, who was owner of said bulldozer at the time he requested the repairs in question. Alternatively, it is alleged that if Watson did not own said equipment individually, he was nevertheless liable for the cost of the repairs by virtue of the equipment being the property of either of two unincorporated firms known as Amite Ready Mix Company and Service Sand and Gravel Company, Inc., both of which were owned by Watson individually. In the further alternative, it is alleged that if the Bulldozer in question did not belong to Watson individually, or to either of the two aforesaid unincorporated firms then it was the property of a corporation known as Amite Ready Mix Company, Inc. of which Watson was president and that said corporation is responsible for the cost of repairs made to its property at the request of its said agent and representative, Watson. Finally, it is asserted that liability for said repairs rests upon these same defendants by virtue of the transfer of the property in question between said defendants subsequent to the making of said repairs and without compliance with the terms and provisions of the Bulk Sales Act in force in this state.
It appears that appellant has abandoned all claims against defendants herein arising from an alleged violation of the Bulk Sales Act inasmuch as no serious reference is made thereto in appellant's brief before this court. Should we be in error in this regard, plaintiff's demand predicated upon an asserted violation of the Bulk Sales Law is readily disposed of by noting that said statute (which imposes liability *874 upon a purchaser for the unpaid balance due on property transferred) applies only to sales of merchandising business in globo and only to such enterprises as are engaged in the business of buying and selling goods, merchandise and wares. LSA-R.S. 9:2961 et seq.; Item Co. v. National Dyers & Cleaners, 15 La.App. 108, 130 So. 879; Thibodeaux v. Landry, La. App., 139 So. 82. Conceding all averments of the present petition to be true, we find nothing therein which would bring any of the named defendants within the scope of the Bulk Sales Act. It is not alleged that either defendant is engaged in the business of buying and selling goods, wares and merchandise. The allegations of the petition infer that defendants are engaged in the business of selling ready mix concrete, an undertaking which does not constitute a business engaged in the buying and selling of goods, wares and merchandise. Moreover, the Bulk Sales Act does not apply with respect to the claims of all creditors but only those who have sold goods, wares and merchandise to the initial debtor. In the present case plaintiff's claim is for repairs to equipment allegedly transferred by the owner subsequent to the making of said repairs.
However, if either of plaintiff's first two contentions are established, defendant Watson would then be individually liable to plaintiff for the cost of the repairs performed. Assuming Watson to be the owner of the equipment and that, in such capacity, he ordered and requested the repairs, clearly Watson would be liable to plaintiff herein for the cost thereof. Assuming further, that, as alleged, the equipment belonged to either of the unincorporated associations known as Amite Ready Mix Company and Service Sand and Gravel Company and that Watson, as individual owner of said concerns, ordered the repairs, Watson would also be liable to plaintiff herein. Finally, assuming that the bulldozer in question belonged to either of the reputed corporations of which Watson is alleged to be president and Watson, in such representative capacity, ordered the repairs, then the corporation to which the equipment belonged at the time would be liable in judgment to plaintiff for the repairs in question.
In view of the foregoing, the conclusion is inescapable that plaintiff's petition states a cause of action as respects defendants Ogden O. Watson, individually, and Ogden O. Watson D/B/A Amite Ready Mix and/or Service Sand & Gravel Company, as well as against corporations reputedly known as Amite Ready Mix, Inc. and Service Sand & Gravel Company, Inc.
From the foregoing it follows that our esteemed brother below erroneously sustained the exceptions of no cause and no right of action filed herein on behalf of defendants Ogden O. Watson, individually, or D/B/A Amite Ready Mix Company and/or Service Sand & Gravel Company, as well as the corporations allegedly known as Amite Ready Mix Company, Inc. and Service Sand & Gravel Company, Inc., insofar as plaintiff's demand against said defendants is predicated upon plaintiff's repairing property belonging to one of said defendants at the request of the owner thereof (if individually owned) or at the request of a representative of an alleged corporate owner. In sustaining the exceptions of no right and no cause of action against all defendants insofar as plaintiff's demand is predicated upon an alleged violation of the Bulk Sales Law, the judgment of the trial court was eminently correct.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment of the trial court sustaining the exceptions of no right and no cause of action filed by defendants herein, Ogden O. Watson, individually, or D/B/A Amite Ready Mix and/or Service Sand & Gravel Company, as well as the corporations allegedly known as Amite Ready Mix, Inc. and Service Sand & Gravel Company, Inc., be and the same is hereby overruled, reversed and set aside insofar as concerns plaintiff's demands against said defendants predicated upon repairs made by plaintiff to property *875 belonging to one of said defendants at the request of the owner thereof (if owned by one of said defendants individually) or at the request of a corporate representative if said property be in fact owned by one of said alleged corporate defendants.
It is further ordered, adjudged and decreed that the judgment of the trial court is affirmed insofar as it sustains defendants' said exceptions as to that portion of plaintiff's said demands predicated upon an alleged violation of the Bulk Sales Law.
It is further ordered, adjudged and decreed that this cause be and the same is hereby remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of this appeal shall be paid by defendant Ogden O. Watson; assessment of all other costs to await the outcome of the trial below.
Amended and remanded.