SAVOY, Judge.
This suit was instituted by plaintiff to recover an indebtedness from defendant because of defendant’s failure to comply with the Bulk Sales Law when purchasing a business from his vendor, Walter LeDoux, while the said LeDoux was still indebted to plaintiff. Defendant filed a general denial, and in his answer stated that he had complied with the Bulk Sales Law.
The record reveals that Ray Veillon was operating a business designated as Ray’s Lounge. Veillon purchased certain equipment from plaintiff, and to secure the purchase price, he gave his promissory note to plaintiff in the amount of $668.77, which note was sold to the Calcasieu Marine National Bank at Lake Charles, Louisiana. Plaintiff endorsed the note upon its transfer to the bank. Later, Veillon sold the business to Walter LeDoux who assumed the Veillon note and made three payments on same. LeDoux eventually defaulted on said note, and plaintiff, as endorser, paid the remainder due on said note.
*592 Defendant purchased the business from Walter LeDoux for approximately $2,400.-00. Defendant did not pay the balance due on the note in the original sum of $668.77 for the reason that he did not know of its existence.
From a review of the record, it is apparent that in purchasing the business from LeDoux, defendant did not comply with the provisions of the Bulk Sales Law, LSA-R.S. 9:2961 et seq.
If defendant was not advised or was misinformed of the balance due plaintiff, it was because of his failure to comply with the provisions of LSA-R.S. 9:2962, which provides that the purchaser exact and the seller furnish a sworn list of all creditors of the seller, their addresses, the original sales price of each article, and the balance due; which notice must be given to each creditor not later than ten days before the sale. Failure of the purchaser to comply with the requirements of the above statute renders him liable with the seller for the payment of the debts to the extent of the total value of the property sold in bulk. See Weiner’s, Inc. v. Sunseri, (La. App., 4 Cir., 1962), 141 So.2d 162.
Since the value of the property sold in bulk greatly exceeded any debts of the business shown to be due (including the amount due by LeDoux to plaintiff), defendant is liable to plaintiff for the balance due on said note. LSA-R.S. 9:2963.
A statement from the Calcasieu Marine National Bank in the record shows that at the time of the default LeDoux had paid three installments totalling $167.25, leaving a balance due on said note of $501.-52. The note signed by Veillon in favor of plaintiff provided that the note was to bear interest only from maturity.
The trial judge awarded plaintiff judgment in the sum of $569.02. This Court is unable to see how the trial judge arrived at that specific sum. Accordingly, we will reduce the judgment awarded plaintiff from the sum of $569.02 to $501.52.
For the reasons assigned, the judgment of the district court is amended by reducing the amount thereof from the sum of $569.02 to the sum of $501.52, and, as amended, is affirmed.
Appellant to pay costs in this Court.
Amended and affirmed.