232 So.2d 400 (1970)
CREDITHRIFT FINANCIAL CORPORATION, Appellant,
v.
Monroe S. GUGGENHEIM, Appellee.
No. M-194.
District Court of Appeal of Florida, First District.
February 24, 1970.
Rehearing Denied March 30, 1970.
Black, Cobb, Cole, Crotty & Sigerson, Daytona Beach, for appellant.
Snetman & Colodny, Miami, E. Clay Parker, Daytona Beach, and Dickens, Graham, Miller, Mahorner & Linn, by Benjamin H. Dickens, Tallahassee, for appellee.
SPECTOR, Judge.
This interlocutory appeal is taken from an order denying defendant's motion to dismiss and motion to strike in a suit brought to set aside the sale of all of the assets of *401 Halifax Finance Company, particularly including all of its accounts receivable, to defendant-appellant, Credithrift Financial Corporation, which sale allegedly violates the Florida Bulk Transfer Article of the Uniform Commercial Code, Florida Statutes Annotated, Chapter 676.
Halifax, a licensed small loan business, obtained the cash with which it made loans by borrowing from the Commercial Bank of Daytona Beach, a defendant in this suit. The sums loaned to Halifax's customers were secured by promissory notes, which notes were in turn assigned to the Commercial Bank. Halifax also borrowed certain sums from plaintiff-appellee Guggenheim, which sums were unsecured.
In March, 1969, Halifax sold its loan business to Credithrift. Included in the sale were promissory notes held by Halifax valued at approximately $230,000, furniture and fixtures, and the operating license of Halifax. A substantial portion of the $194,500 purchase price was used by Halifax to repay the Commercial Bank. No notice of the sale was given to Guggenheim or other creditors.
The Florida Bulk Transfer Article makes ineffective against any creditor a bulk transfer not made pursuant to the statute. A bulk transfer is defined as "any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory (§ 676.9-109) of an enterprise subject to this chapter". F.S.A. § 676.6-102(1). It is conceded that the notice and other provisions of the article necessary for a valid transfer were not met in the present transfer.
It is Credithrift's contention that the transfer by a small loan company of its notes receivable is not such a transfer as is contemplated by the Bulk Transfer Article. We agree.
The authorities are uniform in the conclusion that bulk sales acts do not apply to intangibles such as notes receivable. 168 A.L.R. 786 and cases cited therein. In applying a statute similar to ours, although not within the Uniform Commercial Code, the Texas courts have held that the bulk sales law does not encompass the sale of bills receivable or unexpired licenses. Rio Tire Company v. Spectralite, Inc., 48 S.W.2d 367 (Tex.Civ.App.), reversed on other grounds, Fischer v. Rio Tire Company, 65 S.W.2d 751 (Tex.Com.App.).
The official comment to the Uniform Commercial Code contains the following pertinent statement:
"The transfers included are of `materials, supplies, merchandise or other inventory', that is, of goods. Transfers of investment securities are not covered by the Article (on bulk transfer), nor are transfers of money, accounts receivable, chattel paper, contract rights, negotiable instruments, nor things in action generally. Such transfers are dealt with in other Articles, and are not believed to carry any major bulk sales risk." Official Code Comment 3 on UCC, § 6-102(1).
The comments to the corresponding Florida Statute contain similar statements. See Introductory Comments by Sam G. Harrison, Jr., 19B Florida Statutes Annotated, Chapter 676.
The present statutory terminology used to describe property within the purview of the law ("materials, supplies, merchandise or other inventory") is similar to the pre-Uniform Commercial Code terminology. These terms have been held to refer only to goods or things which are kept for sale in the ordinary course of business. 37 Am.Jur.2d, Fraudulent Conveyances, § 252, and cases cited therein. In the case sub judice, it is evident that the promissory notes and other items included in the transfer were not such "materials, supplies, merchandise or other inventory" as are kept for sale in the ordinary course of business of a small loan company. Furthermore, the promissory notes do not appear to be items coverage of which is contemplated by the Bulk Transfer Article.
*402 The present complaint states no cause of action based on the Bulk Transfer Article, Florida Statutes Annotated, Chapter 676. Accordingly, the decision appealed is reversed without prejudice to appellee's right to amend the complaint to state a cause of action based on other grounds if any there be.
JOHNSON, C.J., and RAWLS, J., concur.