294 So.2d 580 (1974)
SERVI-CLEAN INDUSTRIES, INC.
v.
TONTI MANAGEMENT CORPORATION.
No. 5929.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Limited Rehearing Granted February 6, 1974.
On Limited Rehearing May 10, 1974.
*581 Joseph W. Nelkin, New Orleans, for plaintiff-appellant.
Carr & Kollin, Patrick E. Carr, Metairie, for defendant-appellee.
Before SAMUEL, and BOUTALL, JJ. and BAILES, J. Pro Tem.
JULIAN E. BAILES, Judge Pro Tem.
This action was brought by Servi-Clean Industries, Inc. (Servi-Clean), against Tonti Management Corporation (Tonti), under the provisions of LSA-R.S. 9:2961-9:2968, known as the Bulk Sales Law, to recover the sum of $3,899.37, plus interest and attorney fees allegedly due plaintiff on a promissory note made by McCarthy Construction Company (McCarthy), then doing business as the Governor House Motor Hotel in New Orleans. This action was filed on March 20, 1972.
Plaintiff alleges and defendant admits that the defendant purchased on August 27, 1971, from McCarthy the Governor House Motor Hotel, including all fixtures, furniture and equipment used in the operation of the hotel, and paid the agreed price therefor. A restaurant and a cocktail *582 lounge formed a part of the hotel operation. The equipment inter alia, consisted of stoves, refrigerators, tables, chairs, cash register and other equipment; and defendant further admitted that the provisions and requirements for a sale under the Bulk Sales Law of this state were not complied with by the buyer and seller.
On February 15, 1973, Servi-Clean filed in this proceeding a petition in intervention and class action alleging that under LSA-R.S. 9:2963 it is the representative of all of the class of unpaid creditors of McCarthy arising out of the operation of the Governor House Motor Hotel, who have not been paid or satisfied and herein intervenes on behalf of that class. This petition lists 134 alleged creditors. In essence, and inter alia, the prayer of this petition is that Servi-Clean be permitted to become party to this suit as a class and there be judgment in favor of each member of the alleged class in accordance with the provisions of the Bulk Sales Law.
To this petition of intervention and class action, the defendant, Tonti, filed peremptory exceptions of no right of action, no cause of action and one year prescription.
The exception of no right or cause of action is directed toward the theory that the subject matter of the suit, i. e., the claim of the creditors is a personal right of the creditor and cannot be the subject of a class action and that each creditor must institute its own individual action on any debt it claims.
The exception of one year prescription is grounded in the fact that the sale took place on August 27, 1971 and the intervenor's petition was filed on February 16, 1973, or more than one year after the sale. The one year prescriptive period is arrived at on the reasoning that the failure to comply with LSA-R.S. 9:2961 et seq. is an offense or quasi offense which prescribes in one year.
Subsequent to the filing of the answer by Tonti, and on the strength of Tonti admissions, Servi-Clean filed a motion for summary judgment wherein Servi-Clean moved for judgment on the pleadings, the answers to certain interrogatories and depositions of the parties.
After the hearing on the motion for summary judgment, the trial court rendered judgment denying the motion and further held, ex proprio motu, that Servi-Clean's petition failed to state a cause of action against the defendant, Tonti, and finally, determined that the exceptions of no cause of action and prescription levelled against the petition in intervention be sustained.
In effect, the trial court held that Servi-Clean had no right of action to sue Tonti under the provisions of LSA-R.S. 9:2961 et seq. While the trial court did expressly state it found that Servi-Clean's petition "failed to disclose a cause of action against the defendant" we must assume it intended to sustain the exception of no right of action.
We find the trial court committed an error of law in sustaining the peremptory exception ex proprio motu to plaintiff's petition. However, we find the ruling of the trial court was correct in sustaining the exception of prescription to the intervenor's petition in intervention.
Herein we are not passing on the procedural correctness of a creditor of a transferor (seller) to bring a class action for other alleged creditors of a transferor under LSA-C.C.P. Articles 591 through 597 to recover a debt under the provisions of the Bulk Sales Law. For the purpose of passing on the exception of prescription of one year we are assuming, arguendo, that the class action procedure utilized by Servi-Clean is correct.
There appears no room for disputation that a buyer's failure to comply with the terms of the Bulk Sales Law (LSA-R.S. 9:2961 et seq.) is an offense or quasi offense the prescriptive period for which is one year. The statute is silent *583 as to the prescriptive period for an action against the buyer. However, it has been jurisprudentially determined to be one year by the holding in the case of McCaskey Register Co. v. Lumpkin, 195 So. 852 (1940). In this case the court on page 853 said:
"[1] While it is clear from the latter provision that no action can be brought under the Act against the transferor after ninety days, the Act does not establish any prescriptive period with reference to the transferee. The failure of the Legislature to set forth a prescriptive period in so far as the transferee is concerned is probably due to the fact that the transferee is able to protect himself fully by merely complying with the specific provisions of the Act when making a purchase in bulk. Be that as it may, it is our opinion, since the act does not set forth a prescriptive period with reference to the transferee, that the action as to the transferee is based on an offense or quasi-offense and prescribed in one year, as was held in the cases of Armour & Co. v. Wise & McAlpin, et al., 1 La. App. 202, and Rosenberg & Sons, Inc. v. Waguespack, 167 La. 451, 119 So. 423."
The sustaining of the exception of prescription is restricted to the effort asserted by Servi-Clean to collect the alleged debts by means of the petition in intervention on the class action. Servi-Clean had notice of the failure of the buyer to comply with the requirements of LSA-R.S. 9:2961 for more than one year prior to the filing of the petition in intervention.
Proceeding to our finding on the peremptory exception of no right of action, we must consider and make a conclusion of the applicability of the Bulk Sales Law to the subject sale.
A reading of LSA-R.S. 9:2961 (Bulk Sales Law), convinces us that it is clearly applicable to this sale and transfer.
LSA-R.S. 9:2961 states:
"§ 2961. Bulk Transfers void unless law complied with
"The transfer in bulk and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor, of any portion or the whole of a stock of merchandise, or merchandise and fixtures, or of all or substantially all of the fixtures or equipment used or to be used in the display, manufacture, care or delivery of any goods, wares, or merchandise including movable store and office fixtures, horses, wagons, automobile trucks and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Part. As used in this Part, "creditor" and "creditors" mean only the creditor or creditors of the transferor with respect to a debt or debts owed by the transferor at the time of transfer, but not with respect to any debt or debts subsequently arising. As amended Acts 1960, No. 460, § 1."
The invoking terms of this statute point up the fact that its provisions must be complied with for the buyer to escape liability to creditors of the seller.
This subject sale was a transfer in otherwise than the ordinary course of trade of the whole of a stock of merchandise, fixtures and equipment used in the delivery (serving) of goods, wares and merchandise of the Governor House Motor Hotel which included the ownership and operation of a restaurant and cocktail lounge.
It was admitted that the buyer and seller did not comply with LSA-R.S. 9:2961 et seq. and it was further admitted that should we find this sale is within the purview of this law, the plaintiff is entitled to judgment.
Accordingly, for the above and foregoing reasons, the judgment of the trial court sustaining the exception of prescription of one year to the petition in intervention in the class action is sustained, and the class action is dismissed. The judgment of the trial court sustaining the peremptory exceptions, *584 ex proprio motu, to the plaintiff's petition is reversed and there is judgment herein in favor of Servi-Clean Industries, Inc., plaintiff-appellant, and against Tonti Management Corporation, defendant-appellee, in the sum of $3,899.37, together with 8 per centum per annum interest thereon from June 17, 1971, until paid, plus 10 per cent of the principal and interest as attorney's fees.
All court costs incurred in both the district court and on appeal are to be paid one-half by each party.
Affirmed in part; reversed in part and rendered.

ON APPLICATION FOR REHEARING
We grant a rehearing herein for consideration of:
The extent of liability of Tonti Management Corporation for the debts of the transferor, McCarthy Construction Company.
Arguments on briefs only to be submitted within 15 days from this date.
In all other respects the applications for rehearing are denied.
Limited rehearing granted.

ON LIMITED REHEARING GRANTED
Before we consider the matter pertinent to the rehearing, we will dispose of the exception of no right or cause of action filed herein during the pendency of the rehearing.
LSA-C.C.P. Article 2163 provides:
"The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.

"* * *."
As these consolidated cases were pending on limited rehearing, we hold under the provisions of the above quoted article that these peremptory exceptions come too late for our consideration.
We granted a rehearing herein limited to the consideration of the extent of liability of Tonti Management Corporation for the debts of the transferor, McCarthy Construction Company, Inc.
LSA-R.S. 9:2963 provides that bulk sales made in violation of the terms of the Bulk Sales Law (LSA-R.S. 9:2961 et seq.) "* * * shall at the suit of any creditor, be held liable to all creditors of the transferor as receiver for the fair value of all property so transferred to him. * * *."
Admittedly, the transferee and transferor did not comply with the provisions of the bulk sales law, and according to the provisions of LSA-R.S. 9:2963 quoted above, Tonti Management Corporation is liable to all the creditors, and the appellants herein, for the pro rata share, according to the dignity of their claims, of the fair value of all the property transferred by McCarthy to Tonti.
A money judgment cannot be rendered herein in favor of appellants until it is established what the fair value of the property is that was received by Tonti, as well as the total amount of all viable claims of all the creditors, and the dignity or rank of such claims. These facts are not in the record before us. Without these facts, the court cannot determine the pro rata share thereof to be awarded appellants.
From the foregoing we conclude that these consolidated cases must be remanded to the trial court to make the necessary finding of facts and therefrom determine the amount to which each appellant is entitled in judgment.
Accordingly, the judgment of the trial court is reversed and these consolidated cases are remanded to the trial court for *585 the restricted purpose of further proceedings in accordance herewith. All costs of this appeal are assessed against Tonti Management Corporation, and the assessment of all other court costs to await final determination of the cases.
Reversed and remanded.