**UARCO, INC.**

v.

**PEOPLES BANK & TRUST COMPANY OF ST. BERNARD.**

**Civ. A. No. 76–1075.**

United States District Court,
E. D. Louisiana.

June 23, 1976.

Clarence F. Favret, Jr., Favret, Favret & Demarest, New Orleans, La., for plaintiff.

James R. Conway, III, Metairie, La., for defendant.

HEEBE, Chief Judge:

Defendant moves to dismiss for failure to state a cause of action in this diversity suit brought under the Louisiana Bulk Sales Law, L.S.A.–R.S. § 9:2961, *et seq.* Plaintiff obtained a state court judgment for $11,273.11 against Corporation Data Service, Inc., hereinafter Corporation Data, which subsequently sold all of its assets to the defendant.

This motion raises the issue of whether Corporation Data, which provided data processing services to its customers, is covered by the Bulk Sales Law. Defendant argues that the Bulk Sales Law only applies to businesses that sell "goods, wares or merchandise" and that since Corporation Data only sold a service it is not within the ambit of the law.

Several Louisiana cases have indicated which businesses are and which are not covered by the Bulk Sales Law. Not within the act: *Denekamp v. Heisler,* 12 La.App. 471, 126 So. 447, *rev'd on other grounds,* 170 La. 1005, 129 So. 617 (1930) (boarding house); *Item Co. v. National Dyers & Cleaners,* 15 La.App. 108, 130 So. 879 (1930) (dyeing and cleaning); *Thibodeaux v. Landry,* 139 So. 82 (La.App.1932) (hotel and restaurant) and *Lewis Machine & Welding Service v. Amite Ready Mix Co.,* 148 So.2d 869, 873–74 (1st Cir. La.App.1963) (ready mix concrete). Within the act: *Servi-Clean*

*Industries, Inc. v. Tonti Management Corp.,* 294 So.2d 580, 583 (4th Cir. La.App.1974), *aff'd on other grounds,* 322 So.2d 445 (June 21, 1976) (hotel, restaurant and cocktail lounge), and *see, Weiner's, Inc. v. Sunseri,* 141 So.2d 162 (4th Cir. La.App.1962) (assumes that a restaurant is covered). Were it not for *Servi-Clean,* it would be obvious that Corporation Data is not covered by the Bulk Sales Law because it sold a service, not "goods, wares or merchandise."

We believe that *Servi-Clean* is an aberration. It is out of line with all previous Louisiana precedents and does not cite any of them. It also gives no explanation for its holding. We find it difficult to draw any meaningful distinction between a boarding house, and a restaurant and hotel, which Louisiana courts have held to be outside the law, and a hotel, restaurant and cocktail lounge, which *Servi-Clean* holds is within the law.

■ Though not enacted in Louisiana, Article Six of the Uniform Commercial Code covers bulk sales and is analogous to Louisiana law. Decisions under § 6–102 are split as to whether restaurants and bars are covered by bulk sales laws. White & Summers, Uniform Commercial Code, at 645–46, nn. 20, 21 & 22; Uniform Laws Annotated—Uniform Commercial Code, § 6–102; and 3 Anderson, Uniform Commercial Code § 6–102:6, n. 11 (2d Ed.). The better view is that restaurants are not covered since they are specifically excluded from the coverage of § 6–102 by the official comments.[1] Official Code Comment, § 6–102(2). (Hotels are also excluded by the official comments but there is no split in

the authority on that issue.) Cocktail lounges and bars should also be excluded since they primarily render services. This is consistent with the purposes of bulk sales laws to prevent small, impecunious merchants from selling their only assets, their inventories, overnight and disappearing with the proceeds. Official Code Comment, § 6–101(2); Pyburn, Types of Claims Enforceable Under the Louisiana Bulk Sales Act, 10 Tulane L.Rev. 131, 133, n. 15 (1935); and *Item Co., supra* at 881. Owners of hotels, restaurants and bars will have substantial investments in buildings and fixtures making it unlikely that they will sell their inventories and disappear overnight. Thus, there is little need for them to be covered by bulk sales laws. In addition, sellers to such owners do not rely upon the owners' inventories to secure their interests. White & Summers, *supra,* at 646, n. 22. Finally, bulk sales laws should not be extended to new businesses since any sales they made would be outside the ordinary course of business and thus covered by such laws. This would seriously impede ordinary commercial transactions by requiring that advance notice be given to creditors and that a detailed inventory and a full list of creditors be prepared. *Item Co., supra,* at 881 [2] and Sachse, Using Inventory as Security: A Civil-Law Perspective, 39 Tulane L.Rev. 397, 417–18 (1965) (also indicating that other security devices without the defects of bulk sales laws are available to protect sellers).

■ In any event, even if *Servi-Clean* is correctly decided, it does not purport to change the general principle that businesses that sell services, not goods, are not covered

---

**1.** Most cases that have considered the issue have held that restaurants are not covered by bulk sales laws. 168 A.L.R. 735, 748–51 (and supplements).

**2.** "A doctor is not engaged in selling merchandise. Therefore, any sale made by a doctor is out of the usual course of his trade or business. If a doctor desires to refurbish his office, he could not sell all or substantially all of his old furniture without first notifying all of his creditors and without otherwise complying with the detailed requirements of the statute.

"A telegraph company is not engaged in buying and selling; therefore, any sale made by it is out of the usual course of its trade or business. If it became advisable to sell its old autotrucks used in repairing its telegraph lines, such sales could not be made without the preparation, ten days in advance, of a detailed inventory of the articles to be sold, without the preparation of a list of creditors, and without a notice from the transferee calling to the attention of each creditor the proposed transaction.

"Such a result would be so burdensome to legitimate business that we cannot believe that it was intended by the Legislature."

by the Bulk Sales Law. Corporation Data sold data processing services, not computer goods, *e. g.,* software. Plaintiff suggests that Corporation Data resold data processing forms and materials and therefore was selling goods. However, defendant denies this. Plaintiff's affidavit admits that it has no direct knowledge on this subject. At best, the sales that plaintiff claims were made were merely incidental to Corporation Data's data processing services. *American Marine Corp. v. Jones,* 280 F.Supp. 419 (E.D.La.1968), *aff'd,* 441 F.2d 730 (5th Cir. 1971). Accordingly,

IT IS THE ORDER OF THE COURT, that defendant's motion to dismiss for failure to state a claim upon which relief may be granted, be, and the same is hereby, GRANTED.