484 So.2d 228 (1986)
JIM DURIO FLORIST, INC., Plaintiff-Appellant,
v.
ST. LANDRY LOAN COMPANY, INC., Defendant-Appellee.
No. 84-1085.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
*229 Steven G. Durio and J. Elizabeth Gresham, of Durio, McGoffin, etc., Lafayette, for plaintiff-appellant.
Pat F. Willis, Jr., Opelousas, for defendant-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
The sole issue on appeal is whether the provisions of the Louisiana Bulk Sales Law applies to the sale of the assets of St. Landry Loan Company, Inc. to Associates Financial Services of America, Inc.
Durio Flower Shop, Inc.[1] brought suit against St. Landry Loan Company, Inc. for sums due on a promissory note. Durio alleged that it had invested $8,000.00 in St. Landry Loan Company, Inc. and was a holder of St. Landry's promissory note for that amount.
By amendment Durio made Associates Financial Services of America, Inc. a party defendant alleging that Associates is liable for the value of the note due to the fact that St. Landry Loan Company, Inc. had transferred all of its assets to Associates "consisting of receivables valued at Seven Hundred Sixty-Eight Thousand Six Hundred and Eleven and 58/100 ($768,611.58) Dollars" without following the requirements of the Louisiana Bulk Sales Law. LSA-R.S. 9:2961 et seq.
Associates filed an exception of no cause and/or no right of action contending that the Bulk Sales Act did not apply to the sale of St. Landry to Associates.
The trial court sustained the exception. Durio appeals. We affirm.
The Louisiana Bulk Sales Law, in pertinent part, provides as follows:
"The transfer in bulk and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor, of any portion or the whole of a stock of merchandise, or merchandise and fixtures, or of all or substantially all of the fixtures or equipment used or to be used in the display, manufacture, care, or delivery of any goods, wares, or merchandise including movable store and office fixtures, horses, wagons, automobile trucks and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Part. As used in this Part, `creditor' and `creditors' mean only the creditor or creditors of the transferor with respect to a debt or debts owed by the transferor at the time of transfer, but not with respect to any debt or debts subsequently arising."
The statute contains several requirements which were designed to protect creditors of the seller.
Counsel for Associates contends that the Bulk Sales Act applies only to the sale of retail merchandising businesses. Counsel *230 for Durio contends that the jurisprudence has extended this interpretation of the act to include service businesses such as St. Landry Loan Company, Inc.
To interpret this legislation we look to the purpose of the act. In the early case of Item Co. v. National Dyers & Cleaners, 15 La.App. 108, 130 So. 879 (1930), the court stated as follows:
"The situation which confronted the Legislature of Louisiana was similar to that which faced the Legislatures of practically all the other states of the Union. It was found that the small and impecunious merchandiser could fill his shelves with stock purchased from wholesalers and then, without notice to the wholesalers, dispose over night of his entire stock leaving the wholesaler or other seller of merchandise without recourse against the person to whom the stock had been transferred."
The courts of Louisiana have been consistent in carrying out the purpose of the act. The position of the courts has been consistent in holding that the act only applies to the sale of retail merchandising businesses and have refused (with two exceptions that we shall discuss later) to extend the act to the sale of companies which render services.
In Item Co. v. National Dyers & Cleaners, supra, the court held that the act was limited to the sale of a retained merchandising business and was not applicable to the service business of cleaning and dyeing; Lewis Machine & Welding Serv. v. Amite Ready Mix Co., 148 So.2d 869 (La. App. 1st Cir.1963) held that the act only applied "to sales of merchandising business in globo and only to such enterprises as are engaged in the business of buying and selling goods, merchandise and wares." The court refused to apply the act to the business of selling ready mix concrete, a service industry. A similar result was reached in Uarco, Inc. v. Peoples Bank & Trust Co. of St. Bernard, 414 F.Supp. 1219 (1976) where the court refused to apply the act to a corporation that provided processing data to its customers. The court held that the seller was not a retail merchandising business but was a service business.
Durio argues that the limited interpretation of the act has been relaxed and the act should now be interpreted to include the sale of a loan company. Durio cites two cases to support its argument. In the case of Weiner's, Inc. v. Sunseri, 141 So.2d 162 (La.App. 4th Cir.1962), the court, in deciding the case, assumed that the act applied to the sale of a restaurant, a service business. Also, in Servi-Clean Industries, Inc. v. Tonti Manage. Corp., 294 So.2d 580 (La.App. 4th Cir.1974), 322 So.2d 445 (La. App. 4th Cir.1974), affirmed on other grounds, 336 So.2d 799 (La.1976), the court treated the sale of a hotel, restaurant and cocktail lounge as being subject to the act. These two cases have been criticized; see, Uarco, Inc. v. Peoples Bank & Trust Company of St. Bernard, supra. In that case, the court looked upon Servi-Clean as an aberration, noting that this case was out of line with the prevailing view in Louisiana.
While Weiner's and Servi-Clean may have stated that the sale of a restaurant and a hotel was subject to the Bulk Sales Law, we cannot agree that these cases extend the Bulk Sales Law to the sale of a savings and loan company. Such a business is simply not engaged in any type of retail merchandising business. Thus, St. Landry Loan Company, Inc.'s sale of its accounts receivable is not subject to the Louisiana Bulk Sales Law. We find no Louisiana cases deciding this point but we are supported by the decision of our sister states.
In the case of Credithrift Financial Corporation v. Guggenheim, 232 So.2d 400 (Fla.App.1970), the court held that the Florida bulk sales law did not apply to the sale of a loan company. The court held as follows:
"The authorities are uniform in the conclusion that bulk sales acts do not apply to intangibles such as notes receivable. 168 A.L.R. 786 and cases cited therein. In applying a statute similar to ours, although not within the Uniform Commercial Code, the Texas courts have *231 held that the bulk sales law does not encompass the sale of bills receivable or unexpired licenses. Rio Tire Company v. Spectralite, Inc., 48 S.W.2d 367 (Tex. Civ.App. [1932]), reversed on other grounds, Fischer v. Rio Tire Company, 65 S.W.2d 751 (Tex.Com.App. [1933]).
"The official comment to the Uniform Commercial Code contains the following pertinent statement:
`The transfers included are of "materials, supplies, merchandise or other inventory", that is, of goods. Transfers of investment securities are not covered by the Article (on bulk transfer), nor are transfers of money, accounts receivable, chattel paper, contract rights, negotiable instruments, nor things in action generally. Such transfers are dealt with in other Articles, and are not believed to carry any major bulk sales risk.' Official Code Comment 3 on UCC, § 6-102(1)."
For these reasons the judgment of the trial court is affirmed and the suit is remanded for further proceedings. The appellant, Durio, shall pay the costs of this appeal.
AFFIRMED AND REMANDED.
NOTES
[1] By amended petition Jim Durio Florist, Inc. was substituted as party plaintiff in lieu of Durio Flower Shop, Inc.