509 So.2d 816 (1987)
Gerald Thomas LaBORDE, et al.
v.
W.W. II, INC.
No. 86 CA 0883.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
*817 Michael R. Holmes, Gretna, for Gerald Thomas LaBorde.
Iddo Pittman, Jr., Hammond, for W.W. II, Inc.
Richard Macalusa, Hammond, for Kenneth Austin.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
This is an appeal by an attorney and an accountant of the trial court's dismissal of their claim against defendant for professional services rendered. Plaintiffs, Gerald LaBorde and Michael Holmes, are lawyers who did some work, billed at $1,468.72, for LaCriques nightclub in Hammond. Subsequently defendant bought LaCriques by assuming certain of LaCriques' debts, each of which was listed in the act of sale. The owners of LaCriques did not disclose this bill for legal fees to defendant, and defendant made no effort to determine whether there were undisclosed debts. In the act of sale, the parties declared that they had instructed the notary not to comply with the bulk sales law, LSA-R.S. 9:2961-2968, which requires the transferee to advertise such a sale.
When LaBorde and Holmes learned of the sale, they demanded payment from defendant and eventually filed this lawsuit under the bulk sales law. Steven Thweatt, an architect, intervened to recover money for services he rendered to LaCriques, another debt not disclosed to defendant. The trial court held that the sale of LaCriques was a bulk sales transaction, but believed that since the buyer was in good faith it was not liable for the undisclosed debt. Holmes and Thweatt appeal,[*] complaining that the court erred by failing to follow the bulk sales law, by making a good faith exception to the bulk sales law, by failing to allow into evidence the bills for the architect's services rendered, and by failing to award attorneys' fees. Defendant also appealed to protect its right against the third-party defendant, in the event we find in favor of the plaintiffs on appeal.
The transfer in bulk and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor of any portion of the whole of a stock of merchandise, or merchandise and fixtures, or of all or substantially all of the fixtures or equipment used or to be used in the display, manufacture, care, or delivery of any goods, wares or merchandise, including movable store and office fixtures, horses, wagons, automobiles, trucks, and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Part.
LSA-R.S. 9:2961 A. By its terms the act applies only to the sale of merchandising businesses. A review of the case law makes it clear that this does not include a nightclub. The purpose of the act was to avoid the situation in which a "small and impecunious merchandiser could fill his shelves with stock purchased from wholesalers and then, without notice to the wholesalers, dispose over night of his entire stock leaving the wholesaler or other seller of merchandise without recourse against the person to whom the stock had been transferred." Jim Durio Florist, Inc. v. St. Landry Loan Co., 484 So.2d 228, 230 (La.App. 3d Cir.1986) (quoting Item Co. v. National Dyers & Cleaners, 15 La.App. 108, 130 So. 879, 881 (Orl.La.App. 1930)).
This court has been unwilling to extend the bulk sales law to other types of business. For example, a ready mix concrete business was not within the bulk sales law because it was not engaged in the buying and selling of goods, wares, and merchandise. Lewis Machine & Welding Service, Inc. v. Amite Ready Mix Co., 148 So.2d 869, 874 (La.App. 1st Cir.1963). Likewise, the third circuit held that a loan company was not within the bulk sales law because *818 it was not engaged in the retail merchandising business. Jim Durio Florist, Inc. v. St. Landry Loan Co., 484 So.2d at 230. A federal court applying Louisiana law similarly concluded that a data processing corporation, not being a retail merchandising business but a service business, was not within the bulk sales law. See Uarco, Inc. v. Peoples Bank & Trust Co., 414 F.Supp. 1219, 1221 (E.D.La.1976), affd., 545 F.2d 1297 (5th Cir.1977).
Yet we are aware that our fourth circuit has extended the application of the bulk sales law to the sale of a motor hotel with restaurant and cocktail lounge. See Servi-Clean Industries, Inc. v. Tonti Management Corp., 294 So.2d 580, 583 (La.App. 4th Cir.), cert. denied, 300 So.2d 845 (La. 1974). See also Weiner's, Inc. v. Sunseri, 141 So.2d 162 (La.App. 4th Cir.1962), wherein the court assumed that the bulk sales law applied to the sale of a restaurant. We do not believe, however, that this correctly states the law.
LaCriques was a nightclub. It was not in the business of selling merchandise. Therefore the sale of the business was not one in which the bulk sales law is applicable. Accordingly the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[*] LaBorde also appealed, but then dismissed his appeal.