SHORTESS, Judge.
This is a suit on behalf of Baton Rouge Bank and Trust Company (Bank) to recover the full amount of a continuing guaranty executed by Robert E. Coleman (defendant) on April 7, 1982, for an extension of credit by the Bank to Trafton Academy.[1] A judgment in favor of the Bank against Trafton was rendered in trial court on October 7, 1985. Demand pursuant to the guaranty was made on August 12,1985. Thereafter, these proceedings were brought.
Defendant brought a third party demand against the transferees and current owners of Trafton Academy on the basis of noncompliance with the Bulk Sales Law, LSA-R.S. 9:2961 through 2968. Summary judgment was granted to these third party defendants on the basis of non-applicability of the Bulk Sales Law. Defendant appeals.
In LaBorde v. W.W. II, Inc., 509 So.2d 816 (La.App. 1st Cir.1987), this circuit held the Bulk Sales Law inapplicable to the sale of a nightclub.[2] While a hotel-restaurant-cocktail lounge establishment was held within the ambit of the Bulk Sales Law in Servi-Clean Industries, Inc. v. Tonti Management Corp., 294 So.2d 580 (La.App. 4th Cir.), writ denied, 300 So.2d 845 (La.1974), LaBorde plainly refuses to follow it:
LaCriques was a nightclub. It was not in the business of selling merchandise. Therefore the sale of the business was not one in which the bulk sales law (sic) is applicable.
509 So.2d at 818.
The Third Circuit case relied on by La-Borde, Jim Durio Florist, Inc. v. St. Landry Loan Company, 484 So.2d 228 (La.App. 3d Cir.1986), acknowledged the Fourth Circuit’s “relaxed” interpretation of the act but concluded that even such a broad interpretation could not include the sale of a savings and loan:
While Weiner’s and Servi-Clean may have stated that the sale of a restaurant and a hotel was subject to the Bulk Sales Law, we cannot agree that these cases extend the Bulk Sales Law to the sale of a savings and loan company. Such a business is simply not engaged in any type of retail merchandising business. *325 Thus, St. Landry Loan Company, Inc.’s sale of its accounts receivable is not subject to the Louisiana Bulk Sales Law. We find no Louisiana cases deciding this point but we are supported by the decision of our sister states.
484 So.2d at 230.[3] The court in Jim Durio Florist, Inc., further articulated the distinction between what manner of business is contemplated by the act and what is not:
The courts of Louisiana have been consistent in carrying out the purpose of the act. The position of the courts has been consistent in holding that the act only applies to the sale of retail merchandising businesses and have refused (with two exceptions that we shall discuss later) to extend the act to the sale of companies which render services.

Id.

The “two exceptions” mentioned in the above passage are both Fourth Circuit cases. While Jim Durio Florist, was, essentially, distinguished from these cases, LaBorde noted and rejected their caselaw. Under LaBorde ⅛ rationale, if a nightclub is basically a “service business,” and therefore excluded from the Bulk Sales Law, a fortiori a school would be likewise. We perceive LaBorde as controlling in the case at bar.
For reasons expressed hereinabove, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Robert E. Coleman.
AFFIRMED.

. Trafton Academy is a privately owned institution of primary and secondary education located in Baton Rouge. It was sold to parties made third party defendants by Robert Coleman. The disposition of the third party demand by the trial court is addressed hereinabove.

. The Bulk Sales Law, in essence, protects the creditors of a business by requiring notice prior to a transfer:
[I]n bulk and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor, of any portion or the whole of a stock of
merchandise, or merchandise and fixtures, or of all or substantially all of the fixtures or equipment used or to be used in the display, manufacture, care, or delivery of any goods, wares, or merchandise including movable store and office fixtures, horses, wagons, [automobiles,] trucks and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Part.
LSA-R.S. 9:2961.

. The cases noted herein are Weiner’s, Inc. v. Sunseri, 141 So.2d 162 (La.App. 4th Cir.1962), and Servi-Clean Industries, Inc. v. Tonti Management Corporation, 294 So.2d 580 (La.App. 4th Cir.1974), writ denied, 300 So.2d 845 (La.1974), aff’d on other grounds, 336 So.2d 799 (La.1976).