592 So.2d 490 (1991)
SICILY'S, THE PIZZA PLACE, INC.
v.
LDA, INC. and Ralph C. Simino.
No. 91-CA-658.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1991.
*491 Joseph B. Olinde, Jr., Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, for plaintiff/appellant.
Edward S. Bopp, Arabi, for defendants/appellees.
Miles Trapolin, New Orleans, for exceptor.
Before BOWES, WICKER and GOTHARD, JJ.
BOWES, Judge.
Plaintiff appeals the judgment of the trial court granting defendant Kazan's exception of no right of action. For the following discussed reasons, we affirm.

FACTS
Plaintiff, Sicily's, the Pizza Place, Inc. (hereinafter "Sicily's") filed a Petition for Termination of Franchise Agreement, Damages and Injunctive Relief against LDA, Inc. and Ralph A. Simino (hereinafter collectively Simino) for non-payment of royalties and advertising fees set forth in the franchise agreement.
While the suit was pending, Simino renamed his business "Primo Pizza and Pasta Company." He then sold all of the equipment, goods, inventory and merchandise of the pizza restaurant to Kazan Enterprises, Inc. (hereinafter "Kazan") After the sale, Sicily's amended its petition to bring in Kazan and Primo as additional defendants under the Louisiana Bulk Sales Act (LSA-R.S. 9:2961, et seq.).
Kazan filed an exception of no right and/or cause of action,[1] alleging that the Bulk Sales Act could not be used to bring it into the suit as a defendant because: (1) the business forming the basis of the suit is a restaurant to which the Bulk Sales Act does not apply; (2) no money was exchanged in the transaction; and (3) Sicily's was not a liquidated creditor.
After a hearing, the trial court granted the exception on the ground that Sicily's was not a liquidated creditor. The trial court did not rule on Kazan's other two grounds.
Sicily's filed a motion for new trial, requesting permission to amend its petition to state a liquidated claim, which motion was denied by the trial court. Sicily's then filed this appeal, alleging this error in the trial court's actions.
Kazan has filed an answer to Sicily's appeal, alleging that the trial court erred in failing to rule on the first and second grounds urged in support of its exception, namely: (1) that the Bulk Sales Act did not apply to the sale of a restaurant; and (2) that plaintiff was not prejudiced by the sale since no money changed hands in the transaction.

ANALYSIS
APPLICABILITY OF THE LOUISIANA BULK SALES ACT
Creditor-plaintiff asserts that it is entitled to recover the assets of the sale of a pizza parlour from its debtor, Simino, to Kazan pursuant to the Bulk Sales Act. LSA-R.S. 9:2961 provides in pertinent part:
A. The transfer in bulk and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor of any portion or the whole of a stock of merchandise, or merchandise and fixtures, or *492 of all or substantially all of the fixtures or equipment used or to be used in the display, manufacture, care, or delivery of any goods, wares, or merchandise, including movable store and office fixtures, horses, wagons, automobiles, trucks, and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Part.
By its language, it is clear that the Bulk Sales Act applies only to the sale of businesses engaged in merchandising. LaBorde v. W.W. II, Inc., 509 So.2d 816 (La. App. 1 Cir.1987). Ergo, it does not apply to the sale at issue.
Plaintiff alleges that a pizza parlour, although not a merchandising business, falls within the purview of the Bulk Sales Act. We disagree.
The majority of the courts in Louisiana have refused to apply the Bulk Sales Act to businesses which sell services and not merchandise, similar to the business in the case sub judice.
In LaBorde v. W.W. II, Inc., supra, the First Circuit held that the Bulk Sales Act did not apply to the sale of a nightclub, a business which did not sell merchandise. The court noted that this holding was in line with its previous decision in Lewis Machine & Welding Service, Inc. v. Amite Ready Mix Co., 148 So.2d 869 (La.App. 1 Cir.1963) wherein it found that a ready mix concrete business did not fall under the Bulk Sales Act because it was not engaged in the buying and selling of goods, wares and merchandise.
In Central Business Forms v. N-Sure Systems, 540 So.2d 1029 (La.App. 2 Cir. 1989) the court refused to apply the Bulk Sales Act to a computer business which provided computerized insurance rating information to independent insurance agents.
In Jim Durio Florist v. St. Landry Loan Co., 484 So.2d 228 (La.App. 3 Cir. 1986), the court held that the Bulk Sales Act did not apply to the sale of a savings and loan company.
Likewise, the federal courts have interpreted the Louisiana Bulk Sales Act to apply only to businesses engaged in merchandising, and not to retail businesses that market services. Uarco v. Peoples Bank & Trust Co. of St. Bernard, 414 F.Supp. 1219 (E.D.La.1976), affirmed, 545 F.2d 1297 (5th Cir.1977) (sale of a business providing data processing services); American Marine Corp. v. Jones, 280 F.Supp. 419 (E.D.La.1968), affirmed, 441 F.2d 730 (5th Cir.1971) (sale of business performing ship repairs, transportation and delivery services and contract towing services).
We are aware that our brethren in the Fourth Circuit have reached a different conclusion and have applied the Bulk Sales Act to the sale of a motor hotel with restaurant and cocktail lounge. Serv. Chan Industries, Inc. v. Tonti Management Corp., 294 So.2d 580 (La.App. 4 Cir.1974), affirmed on other grounds, 336 So.2d 799 (La.1976) and to the sale of a restaurant Weiner's, Inc. v. Sunseri, 141 So.2d 162 (La.App. 4 Cir.1962). However, we join in the conclusion of our brethren in the First Circuit in finding that those cases do not correctly state the law. LaBorde v. WW II, Inc., supra at 818. In doing so, we note that our holding, as well as those of the First, Second and Third Circuits with which we are generally in accord with on this issue, does not impinge on or defeat the purpose of the Louisiana Bulk Sales Act, which was set forth in LaBorde v. W.W. II, Inc., supra at 817:
The purpose of the act was to avoid the situation in which a `small and impecunious merchandiser could fill his shelves with stock purchased from wholesalers and then, without notice to the wholesalers, dispose over night of his entire stock leaving the wholesaler or other seller of merchandise without recourse against the person to whom the stock had been transferred.'
See also Jim Durio Florist, Inc. v. St. Landry Loan Co., supra at 230; Item Co. v. National Dyers and Cleaners, 15 La. App. 108, 130 So. 879, 881 (Orl.La.App. 1930).
In the case sub judice, we do not have wholesalers or the situation involved which the purpose of the act sought to avoid. We therefore conclude that the Louisiana Bulk *493 Sales Act does not apply to the sale of a pizza parlour, such as the one in this case, and cannot be used to allow plaintiff to draw Kazan into this lawsuit.
Accordingly, we find that plaintiff has failed to state a cause of action against Kazan and we affirm the decision of the learned trial judge dismissing Kazan from the suit. Furthermore, because of the above reasons, we are of the opinion that plaintiff's petition cannot be amended to state a cause of action against Kazan. Therefore, we decline to give plaintiff leave to amend the petition. LSA-C.C.P. art. 934.
Because we find that plaintiff did not and, under the facts of this case, cannot state a cause of action under the Louisiana Bulk Sale Act, we need not consider whether the trial court erred in holding that Simino's debt to Sicily's was unliquidated, whether the trial court erred in refusing to allow Sicily's to amend its petition to state a cause of action, or whether the sale caused any prejudice to Sicily's as creditor.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.
NOTES
[1] Although Kazan entitled his pleading "Exception of No Right of Action" the trial court treated the pleading as an exception of no right/cause of action, since the allegations of the exception also allege that plaintiff failed to state a cause of action.