LEMMON, Judge.
In this action, initiated under the provisions of R.S. 9:2961 (the Bulk Sales Law), Servi-Clean Industries, Inc. originally sought to collect a debt (owed to Servi-Clean by McCarthy Construction Company, Inc.) from Tonti Management Corporation, to whom McCarthy had transferred certain fixtures, furniture and equipment. About a year after filing the original petition, Servi-Clean filed a petition of intervention, asserting a class action as representative of all of McCarthy’s unpaid creditors. Tonti •then filed an exception of prescription to the petition of intervention.
After a hearing on the exception (and on a motion for summary judgment filed by Servi-Clean), the trial court (1) denied Servi-Clean’s motion for summary judgment, (2) maintained Tonti’s exception of prescription and dismissed Servi-Clean’s petition of intervention asserting the class action, and (3) noting on its own motion that Servi-Clean’s original petition failed to state a cause of action, dismissed Servi-Clean’s entire suit. On Servi-Clean’s appeal this court affirmed the judgment insofar as it maintained the exception of prescription and dismissed the petition of intervention asserting the class action. This court, however, reversed the judgment insofar as it maintained the exception of no cause of action and dismissed the original petition, and rendered a personal judgment against Tonti, granting Servi-Clean full recovery of its claim as an individual creditor (although only a judgment maintaining an exception of no cause of action was be *447 fore this court for review and issue had never been joined as to the merits of the case).
Both parties applied for rehearing, pointing out that Tonti’s liability to the creditors of the transferor under R.S. 9:2963 was not personal, but rather was “as receiver for the fair value of all the property so transferred”. Servi-Clean’s application for rehearing requested a remand “to the end that all of these creditors [listed in McCarthy’s bankruptcy schedule] may be able to prove up their claims”.[1] Tonti’s application for rehearing also asked for a remand (as an alternative) “for further proceedings on the claims of appellants, Servi-Clean Industries, Inc. and Pinkerton’s, Inc.” [2]
This court granted a limited rehearing for consideration of “(t)he extent of liability of Tonti Management Corporation for the debts of the transferor”, denying rehearing in all other respects. Our judgment on limited rehearing, while stating that “according to the provisions of LSA-R.S. 9:2963 quoted above, Tonti Management Corporation is liable to all the creditors,-and to appellants herein”, ordered the case remanded for the purpose of having the trial court "make the necessary finding of facts and therefrom determine the amount to which each appellant is entitled in judgment.” See 294 So.2d 580.[3]
Servi-Clean did not apply to the Supreme Court for certiorari. Apparently misunderstanding our decree and believing this court on rehearing had reversed the trial court judgment in its entirety, Servi-Clean immediately filed in the trial court a rule to be designated as class representative of McCarthy’s creditors so that Ser-vi-Clean could assert the rights of all members of the class.
The trial court dismissed the rule, observing that this court had affirmed the earlier dismissal of the petition of intervention by which Servi-Clean had attempted to assert the same class action. Servi-Clean immediately appealed from the dismissal of its rule, and that appeal is now before us.[4]
The sole issue in this appeal is whether our judgments in the previous appeal (on original hearing and on rehearing) reversed the judgment of the trial court in its entirety, or whether our judgments affirmed the dismissal of the petition of in *448 tervention, while reversing only that part of the trial court judgment pertinent to the original demand and remanding for a determination solely of that demand. The decision, as to whether Servi-Clean’s right (if any) to represent all or most of McCarthy’s creditors in this action has prescribed, was clearly pronounced on original hearing. The decision on that issue was not affected by the limited grant of rehearing, and the application f„. rehearing as to that issue was denied. Neither the trial court nor this court (if we were inclined to do so) has the power and authority to now reconsider and modify or change the decision as to that issue.[5] Whether or not the Supreme Court can do so, in view of Servi-Clean’s failure to apply for certio-rari when part of a trial court judgment was affirmed and part was reversed and remanded, is not for us to decide.
The judgment dismissing the rule is affirmed.

Affirmed.

. Citing R.S. 9:2963’s language that a transferee “shall at the suit of any creditor, be held liable to all creditors of the transferor”, Servi-Clean contends that its timely suit rendered Tonti liable to all of McCarthy’s creditors and interrupted prescription as to all claims. Thus, Servi-Clean argued that the petition of intervention merely furnished additional information, but was not absolutely essential to asserting the claims of the other creditors.

. Pinkerton’s suit based on the Bulk Sales Act had been consolidated on appeal with this suit. Tonti had defended both suits on the basis that it had in fact acted as a receiver, using most of the cash portion of the sales price to pay McCarthy’s privileged debts and depositing the balance with the Bankruptcy Court for the benefit of ordinary creditors.

. Pinkerton’s suit was also remanded “for the restricted purpose of determining the amount of the judgment to which appellant is entitled.” Pinkerton’s, Inc. v. Tonti Management Corp., 294 So.2d 585 (La.App.4th Cir. 1974).

. Servi-Clean contemporaneously filed an application to this court for supervisory writs, which was denied for the following reasons:
“The judgment originally rendered was a personal judgment against Tonti in favor of Servi-Clean and Pinkerton. Therein the exception of prescription was sustained to the petition of intervention in the class action. The class action was dismissed.
“The rehearing was granted solely for the purpose of considering the judgment rendered insofar as it was a personal judgment against Tonti. All other questions were adjudicated in the original opinion and were not disturbed on rehearing. The remand was for the sole purpose of considering and disposing of the claims of Servi-Clean and Pinkerton. Accordingly the application is denied.”
Servi-Clean then applied to the Supreme Court for certiorari. The application was denied, “reserving the right, if any, to review on appeal.”

. This court did not decide in the previous appeal (and indeed could not decide, since the judgment appealed from simply maintained an exception of no cause of action) whether or not Servi-Clean’s timely suit interrupted prescription as to all claims. This court did decide that the intervention asserting a class action (if necessary to interrupt prescription as to the other claims) came too late.