STOULIG, Judge.
Plaintiff, Joseph I. Giarrusso, Sr., has appealed a judgment dismissing his suit against Giarrusso Security Service, Inc. (GSS), Guardsmark, Inc. (Guardsmark), and Honeywell, Inc., doing business as Honeywell Protective Services (Honeywell). Alleging he is a creditor of GSS, plaintiff has petitioned to (1) have a transfer of assets by GSS in separate sales to Guards-mark and Honeywell declared invalid for noncompliance with the Bulk Sales Law (R.S. 9:2961 et seq.) and (2) obtain as a creditor of GSS a $150,000 judgment against the defendants.
Defendants initially filed two peremptory exceptions, namely, no cause of action because the sale complained of was not regulated by Bulk Sales Law requirements, and no right of action because Giarrusso is not a creditor of GSS and has no standing'to sue even if the sales by GSS to the other defendants were subject to the R.S. 9:2961 et seq. regulations. The trial court overruled these exceptions and permitted defendants 15 days within which to file responsive pleadings. At this point a motion was filed in the record enrolling new counsel for defendants to replace those withdrawing.
The next pleading filed for defendants was one urging peremptory exceptions of no right or no cause of action, and alternatively, a motion for summary judgment. From a judgment maintaining these peremptory exceptions and also granting summary judgment,[1] plaintiff has appealed.
The basis of plaintiff’s claim as a creditor of GSS is a pending claim for damages based on libel that plaintiff has urged in a reconventional demand in the suit Giarrusso Security Services, Inc. v. Joseph I. Giarrus-so, Sr., No. 604-421 of the Civil District Court of the Parish of Orleans. Not only is the sum uncertain, but his right to recovery has yet to be adjudicated.
The instant case rests on two premises, namely, that plaintiff was a creditor of GSS at the time its assets were sold to Guardsmark and to Honeywell and that the Bulk Sales Law is applicable to these transactions. Even were we to assume that GSS was subject to these regulations[2] which admittedly it did not follow, plaintiff has no basis in law for recovery. R.S. 9:2961 provides:
“The transfer in bulk and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor, of any portion or the whole of a stock of merchandise, or merchandise and fixtures, or of all or substantially all of the fixtures or equipment used or to be used in the display, manufacture, care, or delivery of any goods, wares, or merchandise including movable store and office fixtures, horses, wagons, automobile trucks and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the trans-feror, unless made in conformity with the provisions of this Part. As used in this Part, ‘creditor’ and ‘creditors’ mean only *1304 the creditor or creditors of the transferor with respect to a debt or debts owed by the transferor at the time of transfer, but not with respect to any debt or debts subsequently arising.”
Plaintiff under the admitted facts is not a creditor to whom the protection of this act is afforded. He simply has an unliquidated claim that had not been reduced to judgment. A claimant does not acquire the status of a creditor within the meaning of the Bulk Sales Law until the validity of his claim is established and liquidated. Only liquidated claims are contemplated by the requirement of R.S. 9:2963 “ * * * that the purchase money or other consideration of the transfer is applied to the payment of the bona fide claims of the creditors of the transferor pro rata * * Because plaintiff’s claim has not been reduced to judgment he has no standing to sue.
In reaching this result we do not pass on the issue of whether a demand for damages in libel is premature when urged in the same suit in which the statements in the petition form the basis of the libel complaint.[3] Our conclusion that an unliquidat-ed claim does not ripen into a debt until a judgment is rendered obviates the need to discuss the appropriate time to file a libel claim.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Plaintiff did not file any countervailing affidavits or adduce any evidence in opposition to the motion for summary judgment.

. It is questionable whether the Bulk Sales Law is applicable to a business such as GSS that renders a service rather than engages in the sale of merchandise; however, the decision in Servi-Clean Industries, Inc. v. Tonti Manage. Corp., 294 So.2d 580 (La.App. 4th Cir. 1974), suggests it includes businesses not strictly engaged in retail merchandising. See discussion on this point in Uarco v. Peoples Bank & Trust Co. of St. Bernard, 414 F.Supp. 1219 (E.D.La. 1976).

. Viera v. Kwik Home Services, Inc., 266 So.2d 732 (La.App. 4th Cir. 1972), holds that a defendant alleging he was libelled by the petition in the suit to which he is responding may urge his complaint by reconventional demand. The logic of this case is compelling.