LANIER, Judge.
This action commenced as a suit in contract for breach of a lease agreement. The lessor sought $48,048 for unpaid past and future rent and sequestration of equipment an<j fixtures allegedly taken from the leased premises and which were currently in the possession of a third person. The *344 lessee answered and asserted that on the lessor’s demand she vacated the leased premises, the lessor took possession of the premises and, by virtue of the lessor’s actions, the lease was canceled. The lessor then filed a pleading entitled “PETITION BY CREDITOR UNDER BULK SALES ACT AND FOR WRIT OF ATTACHMENT” in which he asserted that the lessee sold certain equipment which had been on the leased premises to William F. Beyer, that the sale of the equipment did not comply with the Louisiana Bulk Sales Law (La.R.S. 9:2961 et seq.), that Beyer was therefore indebted to all creditors of the lessee in the amount of the value of the equipment ($25,000), and that an attachment should be issued for the seizure of the said equipment in Beyer’s possession. Beyer answered and admitted he purchased three ice cream makers from the lessee and asserted that this sale was not subject to the Louisiana Bulk Sales Law. Beyer reconvened against the lessor for damages for wrongful issuance (and execution) of' the attachment. The lessee filed a peremptory exception raising the objections of no right of action and no cause of action asserting a lessor does not have a right to maintain an action under the Louisiana Bulk Sales Law and the petition does not state a cause of action under the Louisiana Bulk Sales Law because it does not allege the items sold were goods, merchandise and wares. Apparently, at some point in time, Beyer joined in this exception.[1] The trial court sustained the objection of no right of action as it pertained to the “plaintiff’s petition by creditor under the Bulk Sales Act and for Writ of Attachment ...” and declared the objection of no cause of action moot. The lessor took this devolu-tive appeal.
FACTS
Evidence may be introduced at the trial of an objection of no right of action. La.C.C.P. art. 931. In the instant case, no evidence was presented in the trial court. In the absence of evidence, the objection of no right of action must be adjudicated by assuming all facts alleged in the petition are true. Cfi Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986).
The original petition alleges the following pertinent facts:
1.
On October 15, 1984, petitioner and defendant entered into a Contract of Lease, a copy of which is attached hereto and marked “P-1” for identification, for the lease of Unit B of South Towne Square Shopping Center located at 133 Lee Drive, Baton Rouge, Louisiana for a period from January 1,1985 until December 31, 1989.
2.
Said lease provided rental payments due and payable on or before the 10th day of each month in an amount of EIGHT HUNDRED NINETY FIVE AND NO/100 ($895.00) DOLLARS per month in advance during the lease period. Said lease also provided that Lessee was responsible for sewage charges, which average $29.00 per month for the above property.
3.
Said lease provided that with the failure of defendant to pay any monthly installments, defendant would pay reasonable attorney fees for the collection of past due rent if it became necessary for plaintiff to enforce the lease judicially.
4.
Despite amicable demand, defendant has failed to pay the rental amount since
*345 September 10,1985, and as such, defendant is indebted unto Lessor in the full sum of FORTY EIGHT THOUSAND FORTY EIGHT AND NO/100 ($48,-048.00) DOLLARS, representing the past due and remaining sums owed under said lease.
5.
On or about February 21,1986, defendant surreptitiously removed from the leased premises without the knowledge or consent of plaintiff, equipment and fixtures, to-wit: [list of equipment deleted]
The “PETITION BY CREDITOR UNDER BULK SALES ACT AND FOR WRIT OF ATTACHMENT” alleges the following pertinent facts:
3.
Petitioner is informed, believes, and therefore, alleges that most of said equipment valuing approximately TWENTY FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS is in the control and custody of William F. Beyer, a resident of lawful age of the Parish of East Baton Rouge, Louisiana, who during the latter part of February, 1986, purchased said equipment for a consideration unknown to plaintiff, said equipment, including, to-wit:
1Jordon sandwich refrigerator and counter trays, Model # CSU 6.5, serial # T4027383F
1 steel Nelson ice cream freezer, Model BG-13, serial number 125726
1 stainless steel Helmco-Lacy food warmer
1 stainless steel flavor rail server 8 formica top tables
32 ice cream parlor chairs
2 Hamilton Beach malt spinners, Model #936-2
1 stainless steel six foot long table 1 Beverage-Air mug chiller, Model # CF11, [serial] #8228474
1 three compartment stainless steel sink
1 stainless steel hand sink
1 fiberglass mop sink
1 Kenmore top load freezer
1 Amana 2 door refrigerator
4 Stoelting ice cream makers
Model #3111-38, serial #F2493-07G
Model #3111,38, serial # F2514-07G
Model #3111-38, serial #F2492-07G
Model #3111-38, serial #F2516-07G
1 TEC cash register, Model # MA-128, serial #4Y480025
3antique brass ceiling fans
2 green ceiling mounted canopies
4.
Beyer paid the purchase price to defendant without paying or seeing to it that the purchase money was applied to the payment of the bonafide (sic) claims of defendant’s creditors, without notices of the transfer and statement of creditors pursuant to L.S.A.R.S. 9:2961 et seq.
5.
■ Said transfer is void as against the defendant and other creditors of the transferor, defendant herein, and should, therefore, be invalidated.
6.
Plaintiff further contends that Beyer should be held liable to defendant’s creditors for the fair value of the equipment received from defendant in order to account to her creditors for this amount.
NO RIGHT OF ACTION

(Assignment of Error 1)

In the trial court, the lessee asserted the lessor had no right of action under the Louisiana Bulk Sales Law because his claim for unpaid rent under the lease agreement was not a “liquidated” claim and the lessor did not qualify as a creditor, under the Louisiana Bulk Sales Law, citing La.R.S. 9:2961(B) and Giarrusso v. Giar-russo Security Services, Inc., 367 So.2d 1302 (La.App. 4th Cir.1979). The lessor asserts his claim is liquidated. Beyer has made no appearance in this court.
The objection of no right of action raised in the peremptory exception ques *346 tions whether a remedy afforded by law can be invoked by the plaintiff; it determines if the plaintiff belongs to the particular class of persons to whom the law grants a remedy for the particular harm alleged. McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986).
The Louisiana Bulk Sales Law is comprised of La.R.S. 9:2961 through 2968. La.R.S. 9:2961(A) provides as follows:
The transfer in bulk and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor of any portion or the whole of a stock of merchandise, or merchandise and fixtures, or of all or substantially all of the fixtures or equipment used or to be used in the display, manufacture, care, or delivery of any goods, wares, or merchandise, including movable store and office fixtures, horses, wagons, automobiles, trucks, and other vehicles or other goods or chattels of the business of the trans-feror shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Part. [Emphasis added.]
La.R.S. 9:2962 provides for the procedure for making a Louisiana bulk sale. It, in part, requires that the “transferee shall demand of and receive from the transferor ... a written statement ... of the names and addresses of all of the creditors of the transferor to whom the transferor may be indebted, together with the amount of indebtedness due and owing ...” and requires that the “transferee shall at least ten days before the completion of the transfer or the payment of any consideration therefor, notify ... every creditor listed ... of the time set for the transfer of said property_” [Emphasis added.] La.R.S. 9:2963 provides as follows:
Any person to whom any of the property mentioned in R.S. 9:2961 shall be so transferred, who shall pay any part of the consideration therefor to such trans-feror, or who shall execute or deliver to the transferor or to his order, or to any person for his use, any promissory note or other evidence of indebtedness for the transfer or any part thereof without first having demanded and received from the transferor or from his agent the statement provided for in R.S. 9:2962 B. verified as therein provided, and without paying or seeing to it that the purchase money or other consideration of the transfer is applied to the payment of the bona fide claims of the creditors of the transferor pro rata according to the dignity of their several claims as shown upon the verified statement, and without first having sent the notices of said transfer and such statement of creditors as provided for in R.S. 9:2962 C., shall at the suit of any creditor, be held liable to all the creditors of the trans-feror as receiver for the fair value of all the property so transferred to him. If the transferor and his creditors do not agree in writing to a schedule of distribution of the proceeds of the sale, or the transferee or his agent has reason to believe that the transferor has failed either to furnish a list of all the creditors or to furnish a statement of the full amount of the debts due each creditor, or for any other reason the transferee or his agent is unable to make proper distribution as herein provided, the transferee or his agent shall, within ten days after the consummation of the transfer pay the consideration therefor, less the expenses of the transfer, into the registry of the district court of the parish in which the place of business of the trans-feror is situated, and the court shall, upon a proceeding for that purpose brought by any party interested, make distribution of said fund to and among the persons legally entitled thereto. No proceeding shall be brought against the transferor to invalidate any such transfer after the expiration of ninety days from the consummation thereof. [Emphasis added.]
For purposes of the Louisiana Bulk Sales Law, a creditor is defined, in pertinent part, in La.R.S. 9:2961(B), as follows:
As used in this Part, “creditor” and “creditors” mean only the creditor or creditors of the transferor with respect to a debt or debts owed by the transferor *347 at the time of transfer, but not with respect to any debt or debts subsequently arising.
A creditor (or obligee) is defined in La.C.C. art. 3556(20) as “the person in favor of whom some obligation is contracted, whether such obligation be to pay a sum of money, or to do or not to do something.” See also Official Revision Comment (c) under La.C.C. art. 1756 and La.C.C. art. 2132 (1870).
The facts alleged in the two petitions show that the lessor leased premises to the lessee-transferor for a five year period commencing on January 1, 1985, for a monthly rental of $895; since September 10, 1985, the lessee-transferor has failed to pay the monthly rent (and has thereby breached the lease); during February of 1986, the lessee-transferor sold $25,000 worth of equipment located on the leased premises to Beyer (transferee); and that the sale between the lessee-transferor and Beyer (transferee) did not comply with the Louisiana Bulk Sales Law.
A lease is a nominate contract controlled by La.C.C. art. 2668 et seq. A lease is a synallagmatic contract in which the parties consent for one party to use the thing of the other and the other agrees to pay a fixed price for that right. La.C.C. arts. 2669, 2670 and 2671. The lease in the instant case is the lease of a thing (as opposed to a lease of labor). La.C.C. arts. 2673 and 2674. One of the primary obligations of a lessee is to pay the rent. La.C.C. art. 2710.
The original petition asserts that the lessee-transferor had an obligation under the lease agreement to pay $895 in rent on the tenth day of each month and that the lessee-transferor failed to pay the rent due on September 10,1985, and thereafter.[2] Thus, fixed sums ($895 per month) were past due and owing by the lessee-transfer- or to the lessor at the time of the sale by the lessee-transferor to Beyer (transferee) in February of 1986. The lessor at that time was a creditor as defined in La.R.S. 9:2961(B). See Comment, Types of Claims Enforceable Under the Louisiana Bulk Sales Act, 10 Tul.L.Rev. 131 (1935). As a creditor, the lessor has a right of action against the lessee and Beyer.
The Giarrusso case is not controlling. In Giarrusso, the alleged creditor was asserting a tort claim for libel against the transferor in a pending civil suit. The court in Giarrusso, 367 So.2d at 1304, held that the alleged creditor had no right of action under the Louisiana Bulk Sales Law with the following rationale:
Plaintiff under the admitted facts is not a creditor to whom the protection of this act is afforded. He simply has an unliq-uidated claim that had not been reduced to judgment. A claimant does not acquire the status of a creditor within the meaning of the Bulk Sales Law until the validity of his claim is established and liquidated. Only liquidated claims are contemplated by the requirement of R.S. 9:2963 “ * * * that the purchase money or other consideration of the transfer is applied to the payment of the bona fide claims of the creditors of the transferor pro rata * * *.” Because plaintiff’s claim has not been reduced to judgment he has no standing to sue. [Emphasis added.]
A claim or debt is liquidated when it is certain what and how much is due either by agreement of the parties or by operation of law. Black’s Law Dictionary, p. 839 (5th ed. 1979). A tort claim[3] is not liquidated until it is reduced to judgment. Cf. Comment, The Running of Legal Interest in Louisiana, 6 Tul.L.Rev. 614 (1932). We perceive Giarrusso as holding that a tort claim is not a debt owed by a transferor to a creditor for purposes of the Louisiana Bulk Sales Law until the tort claim is reduced to judgment. Giarrusso is distinguishable from the instant case because the instant case involves a breach of a *348 lease contract which provided for rents to be due and owing on the tenth of each month.
This assignment of error has merit.
NO CAUSE OF ACTION

(Assignments of Error 2 and 3)

In these assignments of error, the lessor contends that the trial court erred in finding the objection of no cause of action moot and in failing to overrule the objection of no cause of action.
A moot issue is one which has been deprived of practical significance or made abstract or purely academic. St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987) (on rehearing). When the trial court sustained the objection of no right of action and dismissed the lessor’s petition stating a claim under the Louisiana Bulk Sales Law, the objection of no cause of action no longer had practical significance and became abstract and purely academic. In this posture, the objection of no cause of action was moot.
These assignments of error are without merit.[4]
DECREE
For the foregoing reasons, the judgment of the trial court which sustained the objection of no right of action raised in the peremptory exception is reversed, and this action is remanded to the trial court for further proceedings in accordance with law. The lessee is cast for the cost of this appeal.
REVERSED AND REMANDED.

. The trial court’s judgment states that the exception was “joined in by the defendant, William F. Beyer.” The record does not reflect a written motion to join in the exception. The court minutes for the hearing on the lessee’s exception indicate that only the attorneys for the lessor and lessee were present, argument was presented, the exception was submitted and "judgment is rendered sustaining the exception and dismissing plaintiff’s petition as to this named defendant only.” The judgment signed by the trial court indicates that “[P]resent in court were ... Michael J. Uter, attorney for William F. Beyer ...”. Only the lessee has filed a reply brief in this court; Beyer has not.

. Paragraph 16 of the copy of the lease agreement attached to the original petition contains an acceleration clause.

. Other examples of unliquidated claims are an attorney fee as a penalty and quantum meruit. See, for example, Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978).

. Because of our ruling on assignment of error 1, it is unnecessary for us to address assignments of error 4 and 5 concerning the failure of the trial court to allow the lessor an opportunity to amend his petition and the standing of the lessee to object to the petition under the Louisiana Bulk Sales Law.